## BALTZELL v. CASEY.

(District Court, D. Massachusetts. August 14, 1924.)

Nos. 2109–2114.

Internal revenue ⊂⇒7—Life beneficiary of trust estate to be taxed on income paid over without deduction for losses on principal.

Under Revenue Act 1918, §§ 213 (a), 219 (a)–(d), being Comp. St. Ann. Supp. 1919, §§ 6336⅛ff, 6336⅛ii, and the departmental regulations made pursuant to the statute, the life beneficiary of an estate held in trust is to be taxed on the income actually paid over to him by the trustee, without credit for his proportional share of losses of principal sustained by the estate during the year.

At Law. Six actions, one each by Alice J. Baltzell, by Mary Cheney Davis, and by Hannah P. Weld against Andrew J. Casey, and one by each of said plaintiffs against John J. Mitchell. Judgments for defendants.

Robert H. Holt and Gaston, Snow, Saltonstall & Hunt, all of Boston, Mass., for plaintiffs.

Robert O. Harris, U. S. Atty., and Albert F. Welsh, Asst. U. S. Atty., both of Boston, Mass., for defendants.

Nelson T. Hartson, Robert A. Littleton, and Robert N. Miller, all of Washington, D. C., amici curiæ.

MORTON, District Judge. These cases present the question whether, under the Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛a et seq.), the life beneficiary of an estate held in trust is to be taxed upon the income actually paid over to him by the trustee, or whether against this income he is entitled to credit his proportional share of losses of principal sustained by the trust estate during the year.

The facts are not in dispute. Each of the plaintiffs has a life interest in the income of a trust fund. In the cases of Baltzell and Davis (the Cheney fund) the Supreme Judicial Court of Massachusetts has held that they have also a vested equitable remainder in the fund itself. The respective trustees paid over to the several plaintiffs the entire probate income of the trusts. Against these payments the plaintiffs claimed credit on their income taxes for their proportional shares of the capital losses sustained, the claims were denied in toto by the department, and proper steps were taken to bring the question here.

The basic provision of the act is that "gains or profits and income derived from any source whatever" are taxable. Section 213a (Comp. St. Ann. Supp. 1919, § 6336⅛ff). The details necessary to make this effective are found partly in the act and partly in regulations authorized by it. As to trust estates, the general plan of the statute is to tax them as individuals are taxed. Section 219a (Comp. St. Ann. Supp. 1919, § 6336⅛ii). It says: "the net income of the estate or trust shall be computed in the same manner and on the same basis as pro-

vided in section 212" (219b); i. e., like an individual. "Each beneficiary's distributive share of such net income" (219b) is required to be stated by the fiduciary. The tax imposed on income retained by the fiduciary; i. e., income for unascertained persons and for accumulation is to be paid by the fiduciary (219c). Where income is distributed by the trustee (as here), "the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year" (219d). The regulations made pursuant to the statute say: "In the case of certain estates and trusts it is recognized that the estate or trust cannot be treated as a unit for income tax purposes," etc. "In ascertaining whether an estate or trust comes within any one of the cases just enumerated, the provisions of the federal statutes and the regulations, rather than the provisions of the will or the trust and of state laws, shall determine what items constitute gross taxable income or allowable deductions. * * * The result will be that the beneficiary to whom income is to be distributed periodically must include, in computing his net income, the amount actually distributable to him (except exempt income), even though the aggregate of the distributive shares should be larger than the net income of the estate or trust computed as a unit." Article 347.

The effect of the regulation is that losses of principal may be credited by the trustee against undistributable income and gains. As gains on principal would but rarely be distributable, the trustee would generally be taxable in respect to them, and it is plainly right that he be allowed to credit losses on principal. Income retained by the trustee for accumulation or for unascertained persons is regarded as undistributable, and he is allowed to credit against it losses of principal. Where the trustee has no undistributable income, the regulation makes it impossible for a trust estate to offset such losses against income, though it may still do so against gains in principal. Under the department's interpretation of the act trusts for accumulation or for unascertained persons fare better than those the income of which is distributed, and other alleged injustices in the actual working of the regulation have been suggested. The root of the difficulty lies in the difference in the methods of computing income for purposes of probate accounting and of income taxes.

The former is governed by the terms of the will and by probate law; the latter by the statute and the regulations of the department.

The real question is whether this regulation is consistent with the statute. In spite of the objections urged against it, it seems to me a reasonably fair way to deal with the situation. There is no good reason why the beneficiaries should profit on their income taxes because of losses of principal with which, except as reflected in income, they are not concerned. There is no legal identity between a trustee and a cestui que trust, nor any general principle under which losses sustained by one should be available to the other in the manner here claimed. The difficulty is with the language of the statute, which says in so many words that "there shall be included in computing the net income of each beneficiary his distributive share * * * of the net income of the estate or trust for the taxable year." The plaintiffs argue that "net income of the estate" in this connection can only mean what it means elsewhere in the statute, viz. net income under the statute, as stated in section 219b, quoted supra. For the defendant it is contended that "his [the beneficiary's] distributive share" means what he is in fact entitled to receive under the terms of the trust.

Certainly no fiat of the federal government can change the basic rights inter se of the beneficiary and trustee; it cannot entitle the former to accretions of principal, nor make him chargeable with losses of principal. This is so clear that Congress must have had it in mind when the act was framed. It is not reasonable to suppose the act to mean that the beneficiary's share of the net income of the trust estate is, for purposes of taxation, to include gains in capital when those exceed losses, and that he is to be taxed on something which he cannot and will not receive. Neither party puts such a construction upon the act. Both assume (as I understand their positions) that such gains are taxable only to the trustee because they are not distributable to the beneficiary. Both thus recognize that there may be income within the act which is not taxable to the beneficiary because not "distributive" to him. Both read into the statute to some extent the terms of the trust. Once that is done, it is a short and almost inescapable step to say that "distributive share" means distributive under the trust, and that the beneficiary's "distributive share of the net income of the estate or trust,"

on which he is to be taxed, is what he is entitled to receive under the terms of the will or instrument of trust, and not the sum which is regarded as income under the statute for very different purposes.

It must be admitted that this view is not entirely satisfactory because under certain conditions it leaves a trust estate at a disadvantage as compared with an individual, which is inconsistent with the general intent of the act. But there are greater difficulties the other way, and the result reached seems to me more in harmony with the statute as a whole than the opposite conclusion. Moreover, details of this sort are a peculiarly proper field for clarification by regulation, and the action of the department carries weight. Nor is it to be lost sight of that the next act dealt with the matter to the same effect in unmistakable language.

Judgment for defendant.