**BALTZELL v. MITCHELL.** *

**WELD v. SAME.**

(Circuit Court of Appeals, First Circuit. January 14, 1925.)

Nos. 1792, 1793.

1. **Statutes ⊙⟋219—Departmental construction of act entitled to great weight.**

The contemporary construction given to an act of Congress by the executive officers charged with its enforcement, while not controlling, is entitled to great weight, and while the courts are not precluded from inquiring into the soundness of such construction where there is doubt, and there has been long acquiescence in a regulation of the department charged with its execution, and rights of parties have been determined and adjusted by such regulation, it is not to be disregarded without the most cogent and persuasive reasons.

2. **Statutes ⊙⟋183—Sensible construction must be adopted, if possible, though conflicting with dry words.**

The construction of a statute must be a rational and sensible one, having in mind its evident purpose and the intention of Congress; and if such a construction can be found it must prevail, even though in conflict with the dry words of the statute.

3. **Internal revenue ⊙⟋7—Beneficiary of trust taxable on income received, without deduction for capital losses.**

Under Revenue Act 1918, § 219, subd. (d), being Comp. St. Ann. Supp. 1919, § 6336⅛ii, the life beneficiary of the income of a trust estate is taxable on the income actually received by or distributable to him, without deduction for losses to the capital of the estate incurred during the year.

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Actions by Alice Cheney Baltzell and by Hannah P. Weld against John J. Mitchell, formerly collector of Internal Revenue.

*Certiorari denied 45 S. Ct. 510, 69 L. Ed. —.

Judgments for defendant, and plaintiffs bring error. Affirmed.

For opinion below, see Baltzell v. Casey, 1 F.(2d) 29.

Robert H. Holt, of Boston, Mass. (George W. Mathews, John K. Howard, and Gaston, Snow, Saltonstall & Hunt, all of Boston, Mass., on the brief), for plaintiffs in error.

Chester A. Gwinn, of Washington, D. C. (Nelson T. Hartson, of Washington, D. C., and Robert O. Harris and Albert F. Welsh, both of Boston, Mass., on the brief), for defendant in error.

Robert N. Miller, of Washington, D. C., and Fred T. Field, of Boston, Mass. (Henry Herrick Bond, of Boston, Mass., Stuart Chevalier and Haines H. Hargrett, both of Washington, D. C., and Harris H. Gilman, of Boston, Mass., of counsel), amici curiæ.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. These two cases were tried together in the District Court, and as they raise the same question they have been argued together, and one opinion will dispose of both. No facts are in dispute in either case. They are both brought to recover an alleged overpayment of income taxes under section 219 of the Internal Revenue Act of 1918 (Comp. St. Ann. Supp. 1919, § 6336⅛ii), which is in substance, as far as pertinent, as follows: It makes the tax imposed by sections 210 and 211 of the act (Comp. St. Ann. Supp. 1919, §§ 6336⅛e, 6336⅛ee) upon the net income of individuals apply to the income of estates or of any kind of property held in trust, and then describes, in four paragraphs, under subdivision (a), the income which may be taxed.

These cases are concerned with the income described under the fourth paragraph, which is as follows:

"(4) Income which is to be distributed to the beneficiaries periodically, whether or not at regular intervals, and the income collected by a guardian of an infant to be held or distributed as the court may direct."

Under subdivision (b) the fiduciary is required to make a return of income for the estate or trust for which he acts and it is provided that "the net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212," with certain different deductions from those allowed an individual under paragraph 12, subdivision (a), of section 214

(Comp. St. Ann. Supp. 1919, § 6336⅛g). It also provides that, "in cases under paragraph 4 of subdivision (a) of this section the fiduciary shall include in the return a statement of each beneficiary's distributive share of such net income, whether or not distributed before the close of the taxable year for which the return is made."

Under subdivision (c) it is provided that the income described in paragraphs 1, 2, and 3 of subdivision (a) shall be imposed upon the net income of the estate or trust and be paid by the fiduciary, and that, in determining the net income of the estate of any deceased person during the period of administration or settlement, there may be deducted the amount of any income properly paid or credited to any legatee, heir, or other beneficiary.

Subdivision (d) provides that:

"There shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year."

A regulation of the Treasury Department has construed and interpreted subdivision (d) to mean that the beneficiary must include, in computing his net income, the amount actually distributable to him under and in accordance with the terms of the trust, and that this must be done, although in the case of several beneficiaries the aggregate of the distributive shares should be larger than the net income of the estate or trust computed as a unit; that "any gain, profit or income which is not periodically distributable must be included in computing the net income of the estate or trust, so that the fiduciary will pay the tax upon any excess of the net income of the estate or trust computed as a unit over the aggregate distributive shares"; and that the beneficiary is not entitled to any deduction on account of depreciation or capital losses.

Payments were made under protest by the plaintiffs in accordance with this regulation. They contend that the tax should have been assessed and collected upon their proportional part or distributive share of the net income of the estate, and seek to recover the difference between what the tax would have been if assessed in accordance with their claim and that which was collected. They say that the language of the statute is positive, clear, and precise, and admits of no doubt, and that, as this is a statute levying taxes, it is not to be extended by implication beyond the clear import of the lan-

guage used, and that, if there is any doubt, that doubt must be resolved against the government and in favor of the taxpayer, citing Gould v. Gould, 245 U. S. 151, 153, 38 S. Ct. 53, 62 L. Ed. 211; United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547.

The language of the statute is contradictory and confusing, if it is to be given a strictly literal interpretation, and this is especially true if the statute is to be considered by itself and apart from the other sections of the act. Section 219 must be interpreted and construed as a part of the whole act, and having in mind the purpose sought to be accomplished by it. The court cannot read into the statute anything that is not there; but it must look at the whole act, having its purpose in mind, and determine whether the interpretation placed by the Treasury Department upon section 219 of the act is reasonably within its terms.

[1] It is a well-established rule of the federal courts that a contemporaneous construction given to an act of Congress by the executive officers charged with its enforcement, though not controlling, is entitled to great weight; but this does not preclude an inquiry by the courts as to the soundness of such construction. The rule is so well understood that it is not necessary to support it by the citation of any authorities. The courts have held, however, that where there is doubt as to the correct construction of an act, and there has been a long acquiescence in the regulation of the department charged with its execution, and rights of parties have been determined and adjusted by such regulation, it is not to be disregarded without the most cogent and persuasive reasons. United States v. Hill, 120 U. S. 169, 182, 7 S. Ct. 510, 30 L. Ed. 627; United States v. Philbrick, 120 U. S. 52, 59, 7 S. Ct. 413, 30 L. Ed. 559; Brown v. United States, 113 U. S. 568, 571, 5 S. Ct. 648, 28 L. Ed. 1079; Robertson v. Downing, 127 U. S. 607, 613, 8 S. Ct. 1328, 32 L. Ed. 269. See also First National Bank of Anamoose v. United States, 206 F. 374, 124 C. C. A. 256, 46 L. R. A. (N. S.) 1139 (C. C. A. Eighth Circuit).

[2] The construction of a statute must be a rational and sensible one, having in mind its evident purpose and the intention of Congress, and if such a construction can be found it must prevail, even though in conflict with the dry words of the statute. Church of the Holy Trinity v. United States, 143 U. S. 457, 12 S. Ct. 511, 36 L. Ed. 226;

United States v. Laws, 163 U. S. 258, 16 S. Ct. 998, 41 L. Ed. 151; Taylor v. United States, 207 U. S. 120, 28 S. Ct. 53, 52 L. Ed. 130.

[3] In considering section 219 alone and apart from the other sections of the act, it is evident that in it Congress employed words which lead to confusion of thought. It states under subdivision (d) that the income under paragraph 4 on which the tax is to be assessed and collected shall be "his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year." The beneficiary clearly has no distributive share in the net income of the estate or trust; but he has a distributive share of income to be paid him under and in accordance with the terms of the trust, and resort must be had to them to ascertain his proportion of the income or his distributive share. The beneficiary is not interested in the capital of the trust, but only in the income. If there are accretions to the capital, these are not distributable as income, so that the beneficiary may receive any part of them; and if there are capital losses they cannot be made good out of the income. The capital may be depleted by such losses; but the income for that taxable year is not. It may in future years be diminished because of the diminution of the capital.

In the case of Hannah P. Weld the income paid to her by the fiduciaries under the trust for the year 1919, was $133,557.35. During that year the trustees sold securities belonging to the trust estate at a loss of $147,597.26; and if the contention of the plaintiff is sound, she was not liable for the payment of any income tax for that year, because the trust estate had no net income. Such a construction of the section is not reasonable nor warranted by the act of which it forms a part.

Under section 210 Congress enacted that a normal income tax "should be levied, collected and paid for each taxable year upon the net income of every individual" at the rates therein provided, and by section 211 that, in addition to the normal tax, a surtax should be levied, collected, and paid upon the net income of every individual.

It cannot be supposed that Congress intended that the taxes under sections 210 and 211 should be paid by an individual who was engaged in some business or gainful occupation which yielded an income upon which such tax could be levied and collected, and also provided that the beneficiary of a trust,

although paid a large amount in accordance with the terms of such trust, should escape all taxation upon the amount so paid, because the trust, as such, through losses of capital, did not show a net income. The fiduciary and the beneficiary are separate taxable persons. Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305. The fiduciary is to pay the tax upon the net income of the estate or trust, and, in determining this net income, gains and losses of capital are to be considered.

Wise and prudent management of the trust estate may dictate the sale of worthless securities, or those which yield a small return, and the purchase of others which yield a larger return. Such an exchange, while it may show a bookkeeping loss in the securities sold, may increase future returns upon the whole trust estate, and instead of entailing any loss upon the beneficiary may increase the income to be distributed to him thereafter.

If the trust estate of which Hannah P. Weld is the beneficiary had made a gain in the sale of securities of the same amount as the aggregate of losses in the sale of securities for that year, Mrs. Weld would have received no part of these gains, although, in determining the net income of the estate, the fiduciary must include them. She could not claim the losses made in capital as deductions from her net income, because the only losses to be deducted by the individual taxpayer under section 214, subdivisions 4 and 5, are, under the former, those incurred by the taxpayer in trade or business, and, under 5, those incurred in any transaction entered into for profit, though not connected with trade or business. Hannah P. Weld was carrying on no business or trade during the taxable year in question, and incurred no losses under this subdivision; nor did she enter into any transaction for profit in which any losses were sustained. The losses which were sustained were those of the trust estate, and could be deducted by the fiduciaries in making their returns.

Whatever the net income of the estate might have been in any year, it is necessary to resort to the instrument containing the terms of the trust to determine her distributive share. Therefore the distributive share which Congress must have had in mind and intended to be taxed was the distributive share of the income allotted to her under and in accordance with the terms of the trust.

It is faintly contended in argument that what was paid to the beneficiary in these cases above a distributive share of the net income was paid from capital; but this cannot be so, because the beneficiary was not entitled to share in any of the accretions to capital, and even in the case of Mrs. Baltzell, who had a "vested equitable remainder" in the estate held in trust, according to the decision of the Supreme Court of Massachusetts in Forbes v. Snow, 245 Mass. 85, 140 N. E. 418, no part of the capital could be paid to her until after the termination of the life estate.

The interpretation placed upon section 219 was a sensible and reasonable one, and within its scope when considered as a part of the whole act. The change made by Congress by the act of 1921 simply served to clarify its provisions and make "the interpretation thereof more definite and certain," as stated in the report of the Senate committee on finance.

In each case the entry must be:

The judgment of the District Court is affirmed, with costs to the defendant in error in this court.