CaMPbeld, Chief Justice,
delivered the opinion of the court:
By the will of her father certain trusts were created in favor of the plaintiff. A copy of the will is attached to the *227 petition. Clause 12 devises to the executors and trustees certain real estate with directions to pay the net income to his son and daughter in a designated way, and clause 13 devises and bequeaths to the executors and trustees the residue of his estate with directions as to the net income, to be mentioned. The property mentioned in clause 12 is required always to be “ kept in good condition and repair ” and the expenses of repairs and improvements are chargeable against the income of the trust estate. Clause 13, relating to the residuary estate, and succeeding clauses vest a large discretion in the trustees in the matter of repairs and improvements. The question in the instant case relates to the residuary estate. The trustees are directed to pay one-half of the “ net interest, income, dividends, rents, and profits ” of the residuary estate to each the son and daughter, but provides that when the son attains a stated age, he shall have one-half of the estate in fee, while as to the daughter the provision is that she shall have the entire net income of one-half of the residuary estate for and during her natural life. Upon her death the one-half of the estate goes to her children or their issue, and if there be no children or issue of children it goes to the son. Prior to the time during which the circumstances giving rise to this action occurred the testator’s son had become vested in possession and enjoyment of one-half of the residuary estate, and the other half was being administered in accordance with the trusts created by the will. The plaintiff is a citizen of Great Britain, and made tax returns for the years in question of income accruing to her from sources in the United States other than income received from the trusts created by her father’s will. As to the latter, the trustees made returns for her, the fiduciary being required to make a return of income for the trust for which he acts. Revenue act of 1918, 40 Stat. 1071. In making up this return the trustees reported the net income of one-half of the residuary estate and made a deduction therefrom of an item for depreciation, stated in the findings to be “ for wear and tear on the aforesaid buildings at the average rate of 3% calculated (with respect to said undivided one-half interest) upon the fair market *228 value of said buildings as of March 1, 1918, or in case of those acquired after said date, upon their actual cost.” The trustees paid over to plaintiff, and she actually received, the amount of net income shown in the return undiminished by the amount of the 3% depreciation. She paid (or the trustees paid for her) taxes on the net income diminished by the amount of the 3% depreciation. In other words, she 'claims that she was entitled to a deduction for and on account of depreciation, ascertained as stated. The commissioner would not allow the deduction, and required her to pay taxes based upon the entire net income received by her from the residuary estate. She paid the tax accordingly, and the commissioner having refused to refund the amount she sues in this court. The question therefore is whether she was entitled to the deduction for depreciation.
It seems to be conceded that attention need only to be given the revenue act of 1918, so far as the material question is concerned. Section 219 (40 Stat. 1071) imposes upon the income of any kind of property held in trust the tax imposed by sections 210 and 211, including (4) income which is to be distributed to the beneficiaries periodically. The fiduciary is made responsible for making the returns of income of the estate or trust for which he acts, and the net income is to be computed in the same manner and on the same basis as provided in section 212, with an exception not material here. In cases arising under paragraph (4) the fiduciary does not pay the tax, “ but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income ” of the trust for the taxable year. The trust here referred to is in the instant case the trust created by the will. Subsection (b) of section 219 in providing for an additional deduction in computing the net income of the estate or trust refers to “ the will or deed creating the trust,” showing that reference must be had to the instrument creating the trust in ascertaining the distributive share thereunder. What the will conferred was the right to receive the net income accruing during plaintiff’s life. The statute does not attempt to enlarge this interest or increase her distributive share. The amount of it is not in dispute, be *229 cause the trustees stated it accurately in making the returns. Nor is the amount received by plaintiff in doubt. If she was not entitled to deduct the 3% depreciation, she was properly taxable on her income as ascertained by the commissioner. The statute taxed her income and there can be no doubt that the net revenue from the trust estate received by her constituted income. See Merchants Loan and Trust Co. v. Smietanka, 255 U. S. 509, 517. But section 214 provides that in computing net income certain deductions shall be allowed, among others, “(8) A reasonable allowance for the exhaustion, wear, and tear of property used in the trade or business, including a reasonable allowance for obsolescence,” and plaintiff contends that she should be allowed the benefit of this provision. The question has been decided adversely in two cases by the Board of Tax Appeals. Whitcomb's Appeal, 4 B. T. A. 80, 5 B. T. A. 191. In Baltzell v. Mitchell, 3 Fed. (2d Ser.) 428, it was held that a life beneficiary of an estate held in trust was taxable upon the income actually paid over to him and was not entitled to credit his proportional share of losses of principal sustained by the trust estate during the year. See Baltzell v. Casey, 1 Fed. (2d Ser.) 29. The Circuit Court of Appeals said in the first case cited:
“ The beneficiary is not interested in the capital of the trust, but only in the income. If there are accretions to the capital, these are not distributable as income, so that the beneficiary may receive any part of them; and if there are capital losses they can not be made good out of the income.”
The plaintiff could have the entire net income of the one-half of the “ residuary estate, real and personal, for and during her natural life.” The corpus or capital was held by the trustees for remaindermen. The plaintiff could not compel them to improve or repair it. The authorized deduction for depreciation relates to capital assets.
In United States v. Ludey, decided May 16, 1927, 274 U. S. 295, the court say:
“ The depreciation charge permitted as a deduction from the gross income in determining the taxable income of a business for any year represents the reduction, during the *230 year, of the capital assets through wear and tear of the plant used. The amount of the allowance for depreciation is the sum which should be set aside for the taxable yea,r, in order that at the end of the useful life of the plant in the business, the aggregate of the sums set aside will (with the salvage value) suffice to provide an amount equal to the original cost.”
But if this depreciation be paid over to the beneficiaxy for life and the amount of it be deducted from her taxable income, of what possible benefit has it been to the estate or to those ultimately succeeding to the capital or corpus of the estate? The exemptions allowable are those authorized by the statute and the plaintiff must bring herself within the intent of the statute before she can exempt part of her income, being the net income of the trust estate, from taxation. She has not done this.
The petition should be dismissed and it is so ordered.
Moss, Judge; Gkaham, Judge; and Booth, Judge, concur.
Hay, Judge, absent.