WHITCOMB v. BLAIR, Commissioner of Internal Revenue.

Court of Appeals of District of Columbia.

Submitted January 4, 1928. Decided April 2, 1928.

No. 4592.

1. Wills ⟜684(5)—Under testamentary trust, loss from wear and tear of capital assets falls on reversioners or remaindermen, not life tenant.

Trustee of testamentary trust cannot withhold any part of life tenant's share of income of trust estate in order to make good exhaustion or wear and tear of capital assets, since capital losses in such cases fall on reversioners or remaindermen.

2. Internal revenue ⟜7(22)—Life tenant receiving net distributive income under testamentary trust cannot deduct allowance for exhaustion of depreciable assets of estate because it was distribution of capital (Revenue Act 1918, §§ 212(a), 213(a), 214(a), subsec. 8, 219(a), subsec. 4(b), (d), Comp. St. §§ 6336⅛f(a), 6336⅛ff(a), 6336⅛g(a), subsec. 8, § 6336⅛ii(a), subsec. 4(b), (d).

Life tenant, receiving her share of net distributive income under testamentary trust, is not entitled, under Revenue Act 1918, § 219 (Comp. St. § 6336⅛ii), to deduct from taxable income allowance for exhaustion and wear and tear of depreciable assets of estate on ground that it represented distribution of capital, since capital losses fall on reversioners or remaindermen, and payment to life tenant therefor consisted in no part of capital depreciation restored to her, notwithstanding that trustee was entitled to enter deductions for capital losses in his return for trust estate as single entity under sections 212(a), 213(a), 214(a), subsec. 8, 219(a), subsec. 4(b), (d), Comp. St. §§ 6336⅛f (a), 6336⅛ff(a), 6336⅛g(a), subsec. 8, 6336⅛ii (a), subsec. 4(b), (d).

Appeal from the Board of Tax Appeals.

Marguerite T. Whitcomb claimed certain deductions from income before the Board of Tax Appeals, opposed by David H. Blair, Commissioner of Internal Revenue. From a decision disallowing the deductions, she appeals. Affirmed.

W. W. Spalding, of Washington, D. C., for appellant.

L. L. Hight and T. P. Dudley, Jr., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. An appeal from a decision of the Board of Tax Appeals disallowing deductions claimed by appellant taxpayer for exhaustion and wear and tear of depreciable assets of a trust estate in the income of which appellant was a life tenant.

The case arises under the Revenue Act of 1918 (40 Stat. 1057 [Comp. St. § 6336⅛a et seq.]); and the questions involved are identical with those decided by the Board of Tax Appeals in Appeal of Louise P. V. Whitcomb et al., 4 B. T. A. 80.

It appears that under the last will and testament of A. C. Whitcomb, deceased, certain of his property was left to a trustee in trust to pay periodically the one-third of the income thereof to testator's widow for and during her natural life, and to pay the remaining two-thirds of the income to testator's two children, Adolphe and Charlotte, in equal shares, with reversion or remainder of the whole to their descendants per stirpes, if any be alive at the time of the death of the two children; and, if none be alive at that time, then to pay the same to Harvard College. After testator's decease, Adolphe, one of the children, died, survived by the appellant Marguerite T. Whitcomb, his widow, and by their two children. It has been judicially determined that during the life of testator's daughter, Charlotte, the appellant is entitled to receive one-ninth of the income of the trust created by the will.

This case relates to appellant's income tax return for the income received by her from the trust estate in the year 1918. For that year the trustee as such made an income tax return for the trust estate as an entity, deducting from the gross income thereof the current expenses, including interest and taxes, and deducting also an allowance for exhaustion and wear and tear of the depreciable assets of the estate. The difference between the gross income and the deductions was stated in the return as the net income of the trust, and as the aggregate distributive net income of the beneficiaries. This return was approved by the Commissioner of Internal Revenue. See sections 212 (a), 213 (a), subsection (8) of section 214 (a), and subsections (b) and (d) of subsection (4) of section 219 (a), Revenue Act of 1918 (Comp. St. §§ 6336⅛f(a), 6336⅛ff(a), 6336⅛g(a), subsec. 8, 6336⅛ii(a), subsec. 4(b), (d).

Upon the actual distribution of the income, however, the trustee paid to the respective beneficiaries, including appellant, their shares of the net distributive income as stated in his return, and also paid to them like shares of the amounts deducted in the return for exhaustion and wear and tear.

[1, 2] When appellant prepared her income tax return for the same year, she failed to include therein the sum paid to her by the trustee as her share of the amount deducted in his return for exhaustion and wear and tear. The Commissioner in auditing appellant's return added thereto the sum thus omitted; and upon appeal the Board sustained this action. Appellant contends that this was error, and claims that under section 219 of the act (Comp. St. § 6336⅛ii) the amount to be taxed to her is her distributive share of the net income of the trust estate as computed and shown by the trustee's return, and no more, and that distributions from a depreciation reserve, being distributions of capital, do not constitute taxable income, and accordingly that the distribution to appellant of her share of the depreciation fund is not to be treated as taxable income in her hands.

We think the Board's decision is right. The appellant as life tenant in the trust estate was entitled to receive the full one-ninth of the income therefrom, without regard to exhaustion or wear and tear of the corpus of the estate, and that is what appellant actually received from the trustee as her distributive share of the income. The trustee was not entitled to withhold any part of her share of the income of the trust estate in order to make good the exhaustion or wear and tear of the capital assets of the estate; nor did the trustee in fact do so. Capital losses in such cases fall upon the reversioners or remaindermen, and not upon the life tenant. Therefore the payment made by the trustee to appellant was in fact and law the distributive share of the income to which she was entitled as life tenant, and consisted in no part of capital depreciation restored to her. It was therefore taxable in her hands. This conclusion is not negatived by the fact that the trustee was entitled to enter deductions for capital losses or gains in his return for the trust estate as a single entity. In Baltzell v. Mitchell, 3 F.(2d) 428, the Circuit Court of Appeals, First Circuit, held that under the Revenue Act of 1918, § 219, the life beneficiary of the income of a trust estate is taxable on the income actually received by or distributable to him, without deduction for losses suffered by the corpus of the estate during the year. See Article 347, Regulations 45, as amended by T. D. 2987; Baltzell v. Casey (D. C.) 1 F. (2d) 29; Little v. Little, 161 Mass. 188, 36 N. E. 795; Calhoun v. Furgeson, 3 Rich. Eq. (S. C.) 160.

The decision appealed from is affirmed.