**ABELL et al. v. TAIT, Collector of Internal Revenue.**

Circuit Court of Appeals, Fourth Circuit. January 14, 1929.

No. 2774.

Robert N. Miller, of Louisville, Ky., and Ambler H. Moss, of Baltimore, Md. (Edwin F. A. Morgan and John G. Schilpp, both of Baltimore, Md., Miller & Chevalier, of Louisville, Ky., and John D. Watkins, of Washington, D. C., on the brief), for appellants.

Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C. (A. W. W. Woodcock, U. S. Atty., of Baltimore, Md., and C. M. Charest, Gen. Counsel Bureau of Internal Revenue, of Washington, D. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

NORTHCOTT, Circuit Judge. These are appeals from judgments of the District Court of the United States for the District of Maryland, at Baltimore, in favor of the appellee, the collector of internal revenue for the District of Maryland, in actions at law brought to recover additional federal income tax paid for the years 1918 and 1919. The stipulated facts are as follows:

Edwin F. Abell, the husband of the appellant Elizabeth M. Abell, and the father of the appellants Walter W. Abell and Mary Abell Morgan, died in 1904, leaving a will which was fully admitted to probate in Maryland. Under the terms of this will each of the three appellants, who were plaintiffs below and will be here referred to as plaintiffs, was entitled to receive, and did receive, in the years 1918 and 1919, in quarter-yearly installments one-fourth of the net proceeds of the rents, issues, income, and profits of the Edwin F. Abell estate, after paying the expenses of administering and managing the property, and after deducting a reasonable commission for the trustee. The amount so received for the year 1918 by each of the plaintiffs was $28,071.49, and for the year 1919 was $27,795.47.

During the years 1918 and 1919 the trust estate received income from many different sources; also it sustained losses upon the sale of securities theretofore owned and held

by the trust as capital assets. In the year 1918 this loss was $45,094, and in the year 1919 it was $49,914.95. In proper time the appellant Mary Abell Morgan filed a return for the year 1918, and instead of reporting the sum of $28,071.49, the amount of net income of the trust estate actually received, reported in the taxable income one-fourth of the net income received by the trust estate less capital losses that the estate had sustained, or the sum of $15,913.92, and each of the appellants filed a return for the year 1919, on the same basis. The Commissioner of Internal Revenue held that the taxable income received by the appellants was the amount actually received under the terms of the will out of the gross income of the estate, instead of one-fourth of the "net income of the estate," as calculated by the trustee under the federal Revenue Act, as a result of which the appellee collected, under protest, the sum of $2,274.98 from the appellant Mary Abell Morgan, for the year 1918, and $1,921.23 for the year 1919, and $3,596.93 from the appellant Walter W. Abell, for the year 1919, and $1,668.08 from the appellant Elizabeth M. Abell for the year 1919. Refund claims were duly filed and rejected.

General issue pleas were filed by the defendant and the court, sitting as a jury under written waivers of trial by jury, tried all of the cases at one time under the stipulation of facts, no further proof being taken, and granted the defendant's prayer for judgment in each case, ruling as a matter of law that there was no evidence under which the plaintiff might recover, and entered verdicts and judgments in favor of the defendant.

That part of the Revenue Act of 1918, which is pertinent to the question here raised, is subdivision (d) of section 219 (40 Stat. 1071), and reads as follows:

"(d) In cases under paragraph (4) of subdivision (a), and in the case of any income of an estate during the period of administration or settlement permitted by subdivision (c) to be deducted from the net income upon which tax is to be paid by the fiduciary, the tax shall not be paid by the fiduciary, but there shall be included in computing the net income of each beneficiary his distributive share, whether distributed or not, of the net income of the estate or trust for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the estate or trust is computed, then his distributive share of the net income of the estate or trust for any accounting period of such estate or trust ending within the fiscal or calendar year upon the basis of which such beneficiary's net income is computed. In such cases the beneficiary shall, for the purpose of the normal tax, be allowed as credits in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are received by the estate or trust."

It is admitted that the regulations of the Treasury Department with respect to this section are in accord with the government's contention here, that the plaintiffs were not entitled to deduct the losses of the estate from the amount actually distributed to them, but it is contended by appellants that the construction given this section by the department is erroneous, and that the regulations promulgated in accordance with such erroneous construction have no weight.

It is also admitted that the Revenue Act of 1921 (42 Stat. 227) is clear on the point here raised, and does not permit the deduction here claimed. It is contended by the government that the act of 1921 was passed by Congress to avoid the uncertainty and ambiguity existing under the act of 1918, while appellants contend that the passage of the act of 1921 showed that Congress intended to change the law.

A question to be considered in determining what basis of taxation Congress intended to adopt in dealing with trust estates of this character is whether the fiduciaries and beneficiaries are separate entities. It seems clear to us that in this case the fiduciaries and the beneficiaries are entirely separate entities. Baltzell v. Mitchell (C. C. A.) 3 F.(2d) 428; Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305.

The language of the statute is "there shall be included in computing the net income of each beneficiary his distributive share, * * * of the net income of the estate or trust." Congress, had it seen fit to do so, could have adopted the basis insisted upon by the taxpayer, but it did not in our opinion do this. The amount actually distributed to the beneficiaries could not have included any part of the capital of the trust estate for any such distribution would have been contrary to the express provisions of the trust.

The principle controlling this question was succinctly stated in Baltzell v. Mitchell, supra, as follows: "Therefore the distribu-

tive share which Congress must have had in mind and intended to be taxed was the distributive share of the income allotted to her under and in accordance with the terms of the trust."

In this connection the Court of Appeals of the District of Columbia in Whitcomb v. Blair, 25 F.(2d) 528, held: "Therefore the payment made by the trustee to appellant was in fact and law the distributive share of the income to which she was entitled as life tenant, and consisted in no part of capital depreciation restored to her. It was therefore taxable in her hands."

It is argued that the loss in the capital of the trust estate is in reality a loss to those who receive the entire income of the estate less expenses of administration. We do not think so. As was said in the case of Baltzell v. Mitchell, supra: "Wise and prudent management of the trust estate may dictate the sale of worthless securities, or those which yield a small return, and the purchase of others which yield a larger return. Such an exchange, while it may show a bookkeeping loss in the securities sold, may increase future returns upon the whole trust estate, and instead of entailing any loss upon the beneficiary may increase the income to be distributed to him thereafter."

This precise question was raised in the United States District Court for the District of Massachusetts (Baltzell v. Casey, 1 F.(2d) 29), and judgment given for the government. This judgment was affirmed by the Circuit Court of Appeals for the First Circuit (Baltzell v. Mitchell, supra), and certiorari was denied by the Supreme Court (Baltzell v. Mitchell, 268 U. S. 690, 45 S. Ct. 510, 69 L. Ed. 1159). See, also, Whitcomb v. Blair, supra.

We agree with the reasoning and the conclusion reached in these cases, and the judgments are accordingly affirmed.