## ROXBURGHE v. BURNET, Com'r of Internal Revenue.

### No. 5360.

Court of Appeals of District of Columbia.

Argued March 8, 1932.

Decided April 11, 1932.

Frederick L. Pearce and George M. Morris, both of Washington, D. C., for appellant.

Sewall Key, C. M. Charest, and D. M. Evans, all of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and H. R. Carloss, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appellant was the beneficiary in a moiety estate in certain houses and lands held by trustees under the will of her father, and was entitled to receive the entire net income therefrom during her life, at her death the corpus of the trust was to go to her children.

In her income tax return for the year 1920 appellant claimed a deduction of 3 per cent. from the gross income actually received by her from the trust, for depreciation on account of wear and tear upon the houses composing the trust property.

The deduction was disallowed by the Commissioner of Internal Revenue, who held that, under section 219 of the Revenue Act of 1918 (40 Stat. 1071), there is to be included in computing the net income of each beneficiary of a trust such beneficiary's distributive share, whether distributed or not of the net income of a trust which is to be distributed to the beneficiary periodically, and that such beneficiary is not entitled to any deduction on account of depreciation of the property forming the corpus of the trust.

Upon appeal the Board of Tax Appeals stated that appellant was the plaintiff in Roxburghe v. United States, 64 Ct. Cl. 223, wherein a similar claim was made by her for the years 1917, 1918, and 1919, under the same statute, which was overruled by the court, and that certiorari was denied by the Supreme Court, 278 U. S. 598, 49 S. Ct. 8, 73 L. Ed. 527. Judgment was therefore entered against her forthwith, and the case is here for review.

Similar claims to deductions by life beneficiaries for depreciation upon the corpus of the estate, under the Revenue Acts of 1918 and 1921, have been considered by the courts in numerous cases, and have been uniformly denied.

In Roxburghe v. United States, 64 Ct. Cl. 223, supra, brought by appellant upon an identical claim, the court held: "Where under a trust created by will a beneficiary for life receives, without diminution for depreciation of the corpus, the income of part of the estate, and said income is subject under the terms of the will to expenses of repairs and improvements that are largely within the discretion of the trustees to make, the income tax is upon the entire amount received by the beneficiary and is not to be diminished by deductions for depreciation provided in section 214 of the revenue act of 1918." Certiorari denied, 278 U. S. 598, 49 S. Ct. 8, 73 L. Ed. 527.

In Whitcomb v. Blair, 58 App. D. C. 104, 25 F.(2d) 528, this court held to the same effect. In Kaufmann v. Commissioner (C. C. A. 3d) 44 F.(2d) 144, the same principle was enunciated. Likewise in Hubbell v. Burnet (C. C. A. 8th) 46 F.(2d) 446, and in Codman v. Commissioner (C. C. A. 1st) 50 F.(2d) 763.

694

In Codman v. Miles (C. C. A. 4th) 28 F.(2d) 823, an analogous claim for a deduction was likewise overruled. The Supreme Court denied certiorari, 278 U. S. 654, 49 S. Ct. 179, 73 L. Ed. 564. See, also, Abell v. Tait (C. C. A. 4th) 30 F.(2d) 54; Baltzell v. Mitchell (C. C. A. 1st) 3 F.(2d) 428; Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897. Cf. Appeal of Whitcomb, 4 B. T. A. 80; Whitcomb v. Commissioner, 5 B. T. A. 191; Bendheim v. Commissioner, 8 B. T. A. 158, and Crilly v. Commissioner, 15 B. T. A. 642.

Appellant contends that there has been a departure from the principle established by these cases in Rose v. Grant (C. C. A. 5th) 39 F.(2d) 338; Merle-Smith v. Commissioner (C. C. A. 2d) 42 F.(2d) 837, and Burnet v. Whitehouse, 283 U. S. 148, 51 S. Ct. 374, 75 L. Ed. 916, 73 A. L. R. 1534.

The questions involved in these cases, however, differ in principle from that now before us.

In the Rose v. Grant Case, supra, a deduction for depreciation was allowed to a life tenant coming into possession of land upon which was located an office building used by him in his business, upon the ground that it was "property used in the trade or business" of claimant, under the special provision therefor in section 214 (a) (8), Revenue Acts of 1918, 1921 (40 Stat. 1067, 42 Stat. 240).

The Merle-Smith Case, supra, involved a deduction for depletion of minerals where the beneficiary was entitled to 75 per cent. of the income, and was to receive the corpus of the trust when she arrived at the age of forty-five years, with power to dispose of it by will at any time before. The court held that the beneficiary had "a real interest in the corpus" of the trust, and that the gross receipts from the sale of minerals represented in part a return of capital and to that extent were not taxable to a person holding such interest. The court at page 841 of 42 F.(2d) carefully distinguished the case from the Roxburghe Case, 64 Ct. Cl. 223, supra, and the distinction applies equally here.

In the Burnet v. Whitehouse Case, supra, the beneficiary was not a life tenant of the income of a trust, but was entitled to an annuity in a definite sum, charged upon the testator's whole estate, and payable regardless of whether it was taken from the income or corpus of the estate. The payments were held to be excepted from the donee's gross income as "property acquired by gift or bequest," under section 213 (b) (3), Revenue Act of 1921 (42 Stat. 238).

It may be noted that in the Revenue Act of 1928, § 23 (k, l), 45 Stat. 791, 800, 26 USCA § 2023 (k, l), specific provision is made for the apportionment of allowances for depreciation and depletion between life tenants and remaindermen. The provisions, however, have no retroactive effect. Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; United States v. Magnolia Petroleum Co., 276 U. S. 160, 48 S. Ct. 236, 72 L. Ed. 509.

In view of the authorities above cited we affirm the decision of the Board of Tax Appeals herein appealed from.

Affirmed.