## COMMISSIONER OF INTERNAL REVENUE v. FREULER.

### No. 6835.

Circuit Court of Appeals, Ninth Circuit.

Jan. 9, 1933.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Wm. Cutler Thompson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, and John D. Foley, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

F. D. Madison, Alfred Sutro, H. D. Pillsbury, Felix T. Smith, and V. K. Butler, Jr., all of San Francisco, Cal. (Mason, Spalding & McAtee, of Washington, D. C., and Pillsbury, Madison & Sutro, of San Francisco, Cal., of counsel), for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

CAVANAH, District Judge.

This is an appeal taken by the Commissioner of Internal Revenue to review a decision of the Board of Tax Appeals which held that there was only a deficiency of $95.61 in income tax to be paid by respondent, administrator of the estate of Louise P. V. Whitcomb, deceased, for the fractional last year 1921. The amount of the tax involved was $723.60, of which respondent contested $675.-77, which was sustained by the Board, leaving $627.99 now in controversy.

In 1889, A. C. Whitcomb died, leaving a will devising his estate in trust to be paid to his widow, the decedent, one-third of the interest or income for life, and the other two-thirds parts to his two children, with remainder over. There was a depreciation in the property of the estate, and during the taxable fractional year 1921 one-third of this depreciation was $7,167.19; however, during that fractional year the trustee under the will paid the decedent her share of the income without making any deduction for depreciation. The trustee divided the income of the estate among the heirs. Thereafter the residue legatees filed a petition in the probate court alleging that the payments so made were illegally made and that they should have been reserved for the purpose of taking care of the depreciation and depletion of the property. After a short period of time had elapsed from the time of the filing of the protests and the order of the state court, an order was entered by the state court directing that the money so distributed should be returned to the trustee. The beneficiaries who received the money gave their several promissory notes for their respective shares of the money, payable at the death of the daughter of the testator, and without interest. When the respondent made an income tax return for this fractional year in the name of decedent, he set forth decedent's share of the net income after deducting the depreciation.

The question involved is as to the effect of the will under the circumstances presented with relation to whether the trustee should maintain a depreciation reserve and the amount to be dispersed annually should be the income of the trust computed by taking from the gross income the amount for depreciation of the trust property? Or in another way of stating it, whether the taxable status of the said income be retroactively changed by an order of the state court in the settlement of the trustee's account some years later requiring the trustee to maintain such reserve, and the same to be deducted from the gross income of the estate.

The will provided, among other things: "7th. I give to my hereinafter named Executor, Jerome Lincoln of said San Francisco, all the rest of my property, real, personal or mixed, except what I may have in France, of every kind and nature and not hereinbefore disposed of, after the payment of my debts,

in Trust, nevertheless, to pay over to my said wife, Louise Palmyre Vion Whitcomb one-third part of the interest thereon or income therefrom, for and during her natural life, and the other two-thirds parts to my two children, born of her; one Adolph, born on, or about the 23rd day of February, 1880, and the other Charlotte Andree, born on or about the 4th day of December, 1882, with the reversion of remainder of the whole three-thirds parts to the decendants 'per stirpes' of the said two children, if any be alive at the time of the death of the said two children; and if none be alive at that time, to Harvard College, in conformity with the provisions, named or indicated in Section Six (6) of this will, having reference to said Harvard College."

It contained no directions in regard to the manner in which the income from the trust should be computed, accounts kept, or depreciations provided for.

Distribution was made under and pursuant to the instrument creating the trust for a period of thirty-eight years, including the tax year involved. That instrument in law and in fact controlled the distribution of the trust income.

In their returns of income, the life beneficiaries under the will did not include the amounts paid to them by the trustee representing their proportionate share of the depreciation deducted on the fiduciary return of the trustee. The Commissioner, therefore, increased the income shown on the several returns by the proportionate share of the depreciation, and determined the deficiency in tax in question.

The provisions of the statute which are pertinent are section 219 (d) of the Revenue Act of 1921 (42 Stat. 246); section 219 (b) (2) of the Revenue Act of 1924, and section 219 (b) (2) of the Revenue Act of 1926 (26 USCA § 960 note).

1921 act, § 219 (d): "* * * There shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, or, if his taxable year is different from that of the estate or trust, then there shall be included in computing his net income his distributive share of the income of the estate or trust for its taxable year ending within the taxable year of the beneficiary."

1924 and 1926 acts, § 219 (b) (2): "There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not."

It is clear that Congress when enacting the sections referred to intended to tax each year to the beneficiary of any trust the share of the trust income which was distributed to him in that year, and to tax to the trustee in his fiduciary capacity, any income which was not to be distributed.

■ There being no provision in the deed of trust or the federal or state statutes allowing to be deducted depreciation from the income of the trust estate, and the income in question representing depreciation having been received by the beneficiary, excepting the payment of $10,700 to the trustee by the estate of the respondent's decedent, and the year in which it was made does not appear, the principle then applicable is, that where the beneficiaries receive the income, or in case they do not, the trust estate is taxable upon the full amount of the income actually received during the year without deduction for depreciation sustained by the corpus of the trust. Codman v. Miles, 28 F.(2d) 823 (C. C. A. 4th); Kaufmann v. Commissioner, 44 F.(2d) 144 (C. C. A. 3rd); Hubbell v. Burnet, 46 F. (2d) 446 (C. C. A. 8th); Codman v. Commissioner, 50 F.(2d) 763 (C. C. A. 1st); Roxburghe v. Burnet, 61 App. D. C. 141, 58 F.(2d) 693; Baltzell v. Mitchell, 3 F.(2d) 428 (C. C. A. 1st). The loss then due to depreciation under the record in the present case is borne by remaindermen in determining the tax.

■ The respondent urges that as the orders of the probate court requiring the amounts of the depreciation reserve so paid to respondent's decedent be repaid to the trust estate, they are binding upon the federal courts in determining what are proper deductions to be made under the income law. In this connection we must not forget that we are now considering the application of a federal income taxing statute to the objections and rights of parties in a testamentary trust of real property, and not the question of the construction of a state statute or rule of property rights by the highest court of the state. We have here the consideration of orders of the

probate court made after hearing objections of the remaindermen to the trustee's account. The account covered the period from 1903 to 1928 and was filed on September 5, 1928. These orders were made on September 19, 1928, some six years after the taxable year 1921. During the years 1913 to 1926, inclusive, respondent's decedent and her estate received $151,554.63, which under the orders of the probate court was repayable to the trustee on account of depreciation reserve, and of this sum a payment of $10,700 was made to the trust by the estate of respondent's decedent. No evidence appears throwing any light upon the year to which this payment is to be attributed. However, no orders of the probate court, the effect of which would relate to what are deductions to be allowed under the national income taxing law, are conclusive and binding on the federal courts when in considering a revenue act, and the duty of such courts is to exercise its own independent judgment.

In view of the conclusions thus reached, the decision of the Board of Tax Appeals is reversed.

Reversed.