## KEARNEY v. UNITED STATES.

United States District Court,
S. D. New York.

Dec. 2, 1953.

Daniel A. Shirk, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., Southern Dist. of N. Y., New York City, for the United States, James A. Devlin, Asst. U. S. Atty., New York City, of counsel.

WEINFELD, District Judge.

The plaintiff brings this action to recover a portion of the income taxes paid by her for the years 1943 and 1945, which are alleged to have been erroneously assessed and collected. There is no dispute as to the facts and both parties move for summary judgment.

The plaintiff is the income life beneficiary of a testamentary trust created under the will of her father.[1]

The corpus of the trust consists entirely of ten parcels of improved real property. The trustee operates the properties, collects the rents, and pays all the operating and other expenses in connection with such operation. Such activities by the trustee have been construed as the carrying on of a business within the meaning of the Internal Revenue Code.[2]

For the years 1941 to 1945, inclusive, the trust was operated at a profit without taking into consideration any allowable depreciation on the buildings owned by the trust. If, however, the allowable depreciation in each year is deducted from the net income, there would be net losses for 1941, 1942 and 1944.

Without detailing the various original and amended fiduciary returns, the

1. As construed by the Surrogate's Court, New York County, the entire residuary estate is to be held in trust during plaintiff's life and the net income therefrom paid to her. Matter of Browning's Estate, 165 Misc. 819, 1 N.Y.S.2d 825, affirmed without opinion, 254 App.Div. 843, 6 N.Y.S.2d 339, affirmed without opinion, 281 N.Y. 577, 22 N.E.2d 160.

2. Pinchot v. Commissioner of Internal Revenue, 2 Cir., 113 F.2d 718, cited in Higgins v. Commissioner of Internal Revenue, 312 U.S. 212, 214, footnote 2, 61 S.Ct. 475, 85 L.Ed. 783; Gilford v. Commissioner of Internal Revenue, 2 Cir., 201 F.2d 735.

picture presented is as follows: The trustee did deduct allowable depreciation from income, with the result that net losses were reflected for the years 1941, 1942, and 1944, and no distributable income to the plaintiff as the sole income beneficiary was reported. The "losses" for 1941 and 1942 were carried over to 1943 as a deduction, but distributable income was still shown for that year. A portion of the "loss" of 1944, sufficient to wipe out the remaining 1943 distributable income, was carried back to 1943; and the remaining loss of 1944 was carried forward to 1945 to reduce the net income distributable to plaintiff for that year.

Plaintiff, upon the filing by the fiduciary of amended returns for the years 1943 and 1945, wherein deductions were made for the 1944 losses which were carried back and carried over to those years, also filed amended individual returns for 1943 and 1945. Plaintiff's amended returns in effect reflected the same deductions as were taken by the trustee for the carry over and carry back losses of 1944. Simultaneously, she also filed a claim for refunds for 1943 and 1945 for alleged overpayments. These claims were disallowed by the Commissioner of Internal Revenue, who determined that plaintiff was not entitled to receive the benefit of any net operating loss sustained by the trustee in 1944, either as a carry back to 1943 or a carry over to 1945. The filing of the claims led to an audit of the plaintiff's and the fiduciary's returns for the year 1943. As a result, the taxable income of the plaintiff for the year 1943 was increased to the extent of the "carry over"—the "losses" sustained by the trustee for the years 1941 and 1942—and an additional tax imposed upon plaintiff, which she paid. In sum, the plaintiff seeks to recover so much of the income taxes paid by her as resulted from the Commissioner's determination that plaintiff was not entitled to receive the benefit of any "carry over" or "carry back" operating losses claimed by the trustee under § 122 of the Internal Revenue Code as provided by § 23(s), 26 U.S.C.A. § 23 (s).[3]

The Commissioner in opposing plaintiff's claim makes two contentions. First, in a case such as this, depreciation may not be deducted by the trustee in determining whether there is an operating loss in the trust; and second, operating losses of a trustee for the purpose of "carry over" and "carry back" inure to the benefit of the trustee only and not to that of the beneficiary. I hold that the Commissioner's position is sound in both respects and must be upheld.

The fundamental error in the plaintiff's position is her misconception of the use that may be made of depreciation as a deduction in determining the incidence of the income tax as between the trustee and the beneficiary of the trust. It has already been noted that in the instant case the net operating loss of the trust was arrived at by deducting allowable depreciation.

It is, of course, true, as plaintiff states, that with certain exceptions, the income of a trust for income tax purposes is to be computed in the same manner as the income of an individual.[4] However, § 23(l) of the Internal Revenue Code, providing that a deduction from

3. "§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions: * * *
   "(s) Net operating loss deduction. For any taxable year beginning after December 31, 1939, the net operating loss deduction computed under · section 122. * * *"
   Section 122 provides for net operating loss for deductions as carry overs and carry backs for a period of two years, either way, except that carry back losses apply after December 31st, 1941.
   Section 170 provides that: "The benefit of the deduction for net operating losses allowed by section 23(s) shall be allowed to estates and trusts under regulations prescribed by the Commissioner with the approval of the Secretary. * * *"

4. 26 U.S.C.A. § 162.

income may be taken for depreciation, specifically provides:

" \* \* \* In the case of property held in trust the allowable deduction shall be apportioned between the income beneficiaries and the trustee in accordance with the pertinent provisions of the instrument creating the trust, or, in the absence of such provisions, on the basis of the trust income allocable to each."

▪ The will establishing the trust involved in this case contains no such "pertinent provisions." Consequently, the depreciation deduction is to be apportioned on the basis of the trust income allocable to the trustee and the beneficiary. As all the trust income in this case is allocable to the beneficiary, it follows that the beneficiary is entitled to the deduction to the exclusion of the trustee. Since the depreciation deduction is not allowable to the trustee, it may not avail itself of it in computing the net income or the net loss from the operation of the properties.

Plaintiff emphasizes that Form No. 1041, the form for reporting a fiduciary return of income, provides for the deduction of depreciation in determining the net income from real property owned by the trust. The fact that the allowable depreciation is so reportable does not alter the provision of § 23(l) of the Code, and the plaintiff should not have been misled by it. Undoubtedly, the Commissioner has provided for the reporting of depreciation on the fiduciary's return because the fiduciary is the only one in possession of the necessary facts from which the allowable depreciation may be computed. In the case of a trust such as this, where nothing is held by the trustee except real estate, the income distributable to the trust beneficiary is the gross rents received less actual expenditures necessitated in the management of the property, such as payments for taxes, mortgage interest, insurance, fuel, etc. The beneficiary is required to include this income in her individual return and is entitled to deduct the allowable depreciation.

▪ The procedure established by the Commissioner is merely a short cut to the same end. Suppose, for example, that the income before depreciation is $10,000 and the depreciation is $5,000 in a given year. It makes no difference so far as the tax liability of the beneficiary is concerned if the fiduciary reports $10,000 as income distributable to the beneficiary and the beneficiary reports this amount as fiduciary income received and deducts the $5,000 depreciation, or if, as is provided by the regulations, the trustee deducts the amount of depreciation from the net rent and shows $5,000 as distributable to the beneficiary. In either event, the beneficiary pays a tax on only $5,000 of fiduciary income. But regardless of whether the trustee deducts the depreciation or not, under New York law, unless the trust documents provide to the contrary, the trustee may not withhold from income any amount for depreciation but must pay the entire net income to the beneficiary.[5]

▪ Even assuming that in this case there were operating losses before depreciation, which could be carried over and carried back by the trustee, this would not avail the plaintiff. The law is well settled that a trust is deemed an entity separate and distinct from its beneficiaries and that any operating loss suffered is that of the trust and not that of the beneficiary.[6] Such loss may

**5.** Matter of Davies, 197 Misc. 827, 96 N. Y.S.2d 191, affirmed 277 App.Div. 1021; Matter of Ball, 197 Misc. 1047, 96 N.Y. S.2d 201; Matter of Bohmert, Sur., 102 N.Y.S.2d 394; Matter of Chapman, 32 Misc. 187, 66 N.Y.S. 235.

**6.** Merchants' Loan & Trust Co. v. Smietanka, 255 U.S. 509, 41 S.Ct. 386, 65 L Ed. 751; Anderson v. Wilson, 289 U. S. 20, 26, 53 S.Ct. 417, 77 L.Ed. 1004; Roxburghe v. Burnet, 61 App.D.C. 141, 58 F.2d 693; Abell v. Tait, 4 Cir., 30 F.2d 54; Whitcomb v. Blair, 58 App. D.C. 104, 25 F.2d 528; Busch v. Commissioner of Internal Revenue, 5 Cir., 50 F.2d 800; cf. Appeal of George M. Studebaker, 2 B.T.A. 1020, 1026.

be available to the trust as a deduction from any other taxable income it may have, or if it has none, such loss may be availed of by it on a carry over or carry back basis.[7] But it does not follow that the net income of the trust distributable to the plaintiff in any one year may be reduced by a carry over or carry back permitted the trust by § 23 (s) of the Internal Revenue Code. The income payable to the beneficiary under the trust and the local law is not necessarily the same as the taxable income of the trust. Under the terms of the will and New York law, the plaintiff, as the sole income beneficiary, was entitled to receive, and the trustee was obligated to pay, in any one year, the gross receipts from the properties less the operating expenses, but without deduction of depreciation.[8] The difference represents the distributable income payable to plaintiff and includable in her tax return, whether or not distributed by the trustee.[9] And if in any one year an operating loss was in fact sustained by the trust (before depreciation), this was not deductible from the distributable sum due to plaintiff in any subsequent year but was a charge against the corpus of the trust in the year of loss.[10]

Plaintiff's basic error is pointed up by her analysis of the year 1943 as an example of all the years in question. She states: "In that year, without considering the operating losses for 1941 and 1942, the trustee had an operating profit of $12,795.93. That amount was not distributable to plaintiff and yet that is the amount upon which the Government has taxed plaintiff." Here is the fundamental misconception. In fact, the amount payable to the plaintiff by the trustee in cash for that year was $31,060.83, the difference between the gross rents and the total expended by the trustee for taxes, repairs, interest, insurance and commission. The trustee was obligated to pay the entire net income to plaintiff without deduction for depreciation or losses sustained in any prior year. For income tax purposes, this $31,060.83 is reduced by the allowable depreciation of $18,265.50, and the remainder of $12,795.33 is all that the beneficiary is required to pay a tax on, although she actually received, or should have received, in excess of $31,000.

The Commissioner's determination in disallowing the claims for refunds for 1943 and 1945 and imposing a deficiency assessment for 1943 was correct.

Plaintiff's motion is denied and defendant's cross motion for summary judgment is granted.

Settle order on notice.

---

7. Brigham v. United States, D.C., 38 F. Supp. 625; Baltzell v. Mitchell, 1 Cir., 3 F.2d 428, certiorari denied 268 U.S. 690, 45 S.Ct. 510, 69 L.Ed. 1159.

8. Footnote 5, supra.

9. Freuler v. Helvering, 291 U.S. 35, 54 S. Ct. 308, 78 L.Ed. 634.

10. Uniform Principal and Income Act, § 7; Restatement of Trusts, § 233, comment (c); Vreeland v. Commissioner, 16 T.C. 1041.