NELLIE McCREA, DEFENDANT IN ERROR, v. JOHN YULE, Sr., ET AL., EXECUTORS, &c., PLAINTIFFS IN ERROR.

Submitted July 5, 1902—Decided November 10, 1902.

1. A bequest of personal property to executors in trust to pay the income thereof to L. during his life, gives to L. a vested right in such income, and he may assign the same to M., who may maintain an action therefor against the executors, at the period or periods fixed by the will for the payments to L., if at such times there be funds in the executors' hands due to L.

2. A pledgee of personal property, assigned as collateral security, has the right to collect the interest, dividends and income accruing on the collateral assigned, accounting to the pledgor, upon the redemption of the pledge. In making such collections, the pledgee is a trustee of the pledgor for the proper application of the funds collected or to refund the same to the pledgor if the debt be otherwise paid.

---

On error to the Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiffs in error, *Eugene Emley.*

For the defendant in error, *Jacob W. De Yoe* and *Gustav A. Hunziker.*

The opinion of the court was delivered by

FORT, J. David L. Lederer died testate in 1897. The plaintiffs in error are the executors and trustees under his will. By his will he gave, devised and bequeathed his entire estate to the executors, or the survivor, in trust "to invest and reinvest my personal estate and the proceeds derived from the sale of my real estate upon good security." From the net income, certain charges and annuities were to be paid, and then the executors were directed "to pay all the rest and residue of the net income * * * in semi-annual payments unto my three children, Arthur Lederer, Samuel L. Lederer and Amelia Bauer, for and during their respective lives." On the 20th day of December, 1900, Samuel L. Lederer assigned to the defendant in error by a formal transfer, in writing, all the "right, title, estate, claim and interest which I now have or may hereafter have of, in and to the estate of my deceased father, David L. Lederer, * * * to have and to hold the same unto the said Nellie McCrea, my true and lawful attorney, * * * to ask, demand, sue for, receive, attach or levy all such sums of money * * * which now are or may hereafter become due, owing, payable or belonging to me or for or on account of my said interest in said estate, * * * granting to the said Nellie McCrea * * * the fullest power and authority to do and perform all and every act * * * I might or could do if personally present.". The assignment was acknowledged and duly recorded in the Passaic county clerk's office on the day of its date, and notice thereof, in writing, was given to the executors and trustees, personally, on that day.

On May 1st, 1901, there was admittedly in the hands of the executors and trustees the sum of $770, collected by them and due to the said Samuel L. Lederer or his assignee, the defendant in error.

The consideration of the assignment aforesaid was a loan of $9,000, made by the defendant in error upon the promissory note of Samuel L. Lederer as collateral security, for which loan the assignment of his interest in the estate was made.

The case was tried before the Circuit Court without a jury, and the error assigned here is the refusal of the Circuit judge to nonsuit the plaintiff. The grounds upon which the application for the nonsuit was rested were two—

*First.* That the interest of the said Samuel L. Lederer in and to his father's estate, under and by virtue of the last will and testament of the latter, was not capable of legal alienation or assignment; and,

*Second.* That the said assignment, having been given merely as collateral security for the payment of an indebtedness of $9,000 then claimed by the said plaintiff to be due her in three years from December 20th, 1900, together with interest thereon, payable semi-annually, would not support an action at law until the principal or interest became due, and that then the plaintiff's recovery would be limited to the amount so due.

We think that the learned Circuit judge was right in refusing the nonsuit.

An interest of the character held by Samuel L. Lederer in his father's estate is assignable. *Perrine* v. *Newell, 4 Dick. Ch. Rep. 57; Minot* v. *Tappan, 122 Mass.* 535.

The interest of Samuel L. Lederer in his father's estate under the will was a vested one. It was not contingent upon the happening of any event. *Doe* v. *Considine, 6 Wall.* 458; *Doe* v. *Moore,* 14 *East* 601; *Goodtitle* v. *Whitby,* 1 *Burr.* 228; *Daniels* v. *Eldredge,* 125 *Mass.* 356, 359.

The right to the net income which had accrued and which was sued for in this case was clearly vested in him. *Post* v. *Herbert's Executors,* 11 *C. E. Gr.* 278; *S. C.,* 12 *Id.* 540; *Blanchard* v. *Blanchard,* 1 *Allen* 223.

Nor is there substance in the second ground for nonsuit. A pledgee of personal property, assigned as collateral security, has the right to collect the interest, dividends and income accruing on the collateral assigned, accounting to the pledgor upon the redemption of the pledge. In making such collections the pledgee is a trustee of the pledgor to see to the proper application of the funds collected or to refund the same to the

pledgor if the debt be otherwise paid. *Farwell* v. *Importers' and Traders' National Bank,* 90 *N. Y.* 483; *Garlick* v. *James,* 12 *Johns.* 146; *Strong* v. *National Mechanics Banking Association,* 45 *N. Y.* 718; *Donnell* v. *Wyckoff,* 20 *Vroom* 48; *Ware* v. *Russell,* 29 *Am. Rep.* 710; *Story Bailm.* (*6th ed.*), § 303; *Am. & Eng. Encycl. L.* (*2d ed.*) 894.

There is no error, and the judgment is affirmed.