**O'MALLEY–KEYES v. EATON, Collector of Internal Revenue.**

District Court, D. Connecticut. January 21, 1928.

No. 3121.

Internal revenue ⬤⇒7(14)—Income from trust estate held not taxable as income of beneficiary, who had divested herself of all interest by an irrevocable assignment.

Where a beneficiary of a trust, entitled to receive semiannually a definite percentage of the income from the trust estate, made an irrevocable assignment of all her interest in future payments in trust for others, *held*, that such assignment was valid, and operated in præsenti and that future payments under the trust were not taxable to her as income.

At Law. Action by Jane B. O'Malley-Keyes against Robert O. Eaton, Collector of Internal Revenue. Judgment for plaintiff.

J. Dwight Dana and Arnon D. Thomas, both of New Haven, Conn., for plaintiff.

C. M. Charest, W. E. Davis, and J. D. Wilson, all of Washington, D. C., and John Buckley, U. S. Atty., and George H. Cohen, Asst. U. S. Atty., both of Hartford, Conn., for defendant.

THOMAS, District Judge. The plaintiff brings this action to recover certain additional income taxes assessed against her for the year 1921. The defendant filed a motion to dismiss and a demurrer, and the allegations of the motion and demurrer are identical, and, in effect, assert that the complaint fails to state a cause of action.

The plaintiff is one of the beneficiaries of a trust created under the will of her great-grandfather. Under the terms of the will the trustee is required, semiannually, to pay to her a certain percentage of the income and profits of the trust estate. While the percentage is fixed, the income receivable thereunder varies with the amount of the total income of the trust. On February 1, 1921, the plaintiff executed an instrument, the material parts of which are as follows:

"That said Jane Byrnes O'Malley-Keyes, party of the first part, in consideration of the sum of one dollar, lawful money of the United States, to her in hand paid by said Empire Trust Company, party of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has sold, assigned, transferred, and set over, and by these presents does hereby sell, assign, transfer, and set over unto said Empire Trust Company, party of the second part, all of her right, title, and interest in and to all moneys, funds, income, property, and choses in action to which she now is or hereafter may be entitled from the estate of the aforesaid Matthew Byrnes, deceased, or under or out of the trust created by and existing under the aforesaid last will and testament of said Matthew Byrnes, deceased, or pursuant to or by virtue of said last will and testament. To have and to hold the same unto said Empire Trust Company, its successor or successors; but in trust, nevertheless, for the following uses and purposes, and upon the terms, conditions, and covenants hereinafter recited, and pursuant to

the terms, conditions, covenants, agreements, and limitations hereinafter set forth and no others. * * *

"III. This agreement and assignment shall be irrevocable by the donor."

Under the terms of this instrument, none of the assigned income is payable to the plaintiff. All of it is payable to her husband, in trust for the benefit of their children.

The trustee, under this instrument, made a return for the year 1921 and paid the tax due thereon, estimated on the basis of the income received under the will. The Internal Revenue Bureau has, however, declined to recognize the assignment in trust, but takes the position that the income derived under the will is income of the plaintiff. Accordingly it has assessed taxes against her on the basis that these sums constituted part of her total income.

The demurrer to the complaint is predicated on the suggestion that the instrument in question does not operate as an assignment in præsenti. I am unable to see the force of the contention. It is true that the sums payable under the will are not liquidated, but that fact does not prevent them from being assigned. The corpus of the estate, out of which they issue, has a present tangible existence. The obligation to pay a fixed proportion of the income derived therefrom is enforceable. These conditions furnish an adequate basis for effecting the alienation of the plaintiff's interest in præsenti.

Nor is it of any importance, on this aspect of the matter, whether the transfer to the third person be for the latter's benefit or for the benefit of others. In either event the divestiture of the plaintiff's interest is complete.

The case of Mitchel v. Bowers (C. C. A.) 15 F.(2d) 287, cited and relied upon by the defendant, while not directly in point, is very illuminative. There the plaintiff was a partner, owning 51 per cent. of the assets of the firm. The plaintiff entered into an agreement with his wife, under which she was to receive 50 per cent. of the profits which should come to the plaintiff from the firm, and pay to the plaintiff one-half of the losses he should sustain from the operation of the partnership. The plaintiff agreed "to hold for and pay to" his wife "the share thereof to which she shall be entitled hereunder." The contract might be terminated by either party at any time. The court, speaking by Judge Hand, said, on page 289:

"As a subpartner, the wife, through the agreement, got no present interest, equitable or legal, in the firm assets; the assent of the other partners would have been as necessary for this as to constitute her a partner, for ownership follows the status. Until by distribution the profits became the separate property of the plaintiff, her rights were upon the contract, not in re. * * * At most, then, his exemption was confined to such profits as were distributed, to such as 'came to' him as his separate property. As to these it may be plausibly argued that, since she could get nothing till the profits should 'come to' him, and since he was to 'hold for and pay to' her all that he got, the profits must be his before they became hers. On the other hand, since they became hers, at least in equity (Barnes v. Alexander, 232 U. S. 117, 34 S. Ct. 276, 58 L. Ed. 530), as soon as he got them, it must be admitted that there was no instant of time after their distribution at which she was not entitled to them. Whatever might be the dialectical escape from the dilemma so raised, it seems to us that in any view the provision which allowed him at his pleasure to denounce the agreement put the absolute disposition of the profits always within his power."

The ground, then, upon which the tax against the husband was sustained, was that the husband retained an absolute power of disposition. The judgment of the court was not predicated on any distinction between legal and equitable assignments. Again, the language of the act with reference to taxation of partnership incomes made it necessary, as it seems to me, to regard the partnership share as paid to the partner.

These considerations do not apply to the case at bar. The assignment here is irrevocable. The plaintiff never received the income, and has no control whatever over its disposition. No partnership is involved. Had these elements not obtruded on the Mitchel Case, a different result would probably have been reached. The opinion in that case embodies no suggestion that the assignment does not operate in præsenti because the *amount* of the income derivable thereunder remains undetermined.

After all, the stark *fact* is that the plaintiff did not receive this income, and cannot receive this income. To say that she did receive it is to indulge in a deliberate fiction. Suppose that she had never assigned her interest, and suppose, further, that she deliberately declined to accept any income from her greatgrandfather's estate; could we say that the income was received by her and tax her accordingly, in spite of the fact that we concede that she did not receive it at all?

Are we to inject into the law some doctrine of constructive income? If Congress legislated to this effect, the question of its constitutional power might well be raised.

I regard the assignment as one operating in præsenti. The briefs of counsel indicate that, if this conclusion is correct, then the income received thereunder is not the income of the plaintiff. It follows that the demurrer should be overruled, and the motion to dismiss denied.

Decree accordingly.