## YOUNG v. GNICHTEL, Collector of Internal Revenue.

District Court, D. New Jersey. September 18, 1928.

No. 1463.

Pitney, Hardin & Skinner of Newark, N. J., for plaintiff.

James W. McCarthy, U. S. Atty., of Jersey City, N. J., Douglas M. Hicks, Asst. U. S. Atty., of New Brunswick, N. J., and C. M. Charest, General Counsel, Bureau of Internal Revenue, and Ottamar Hamele, Sp. Atty., Bureau of Internal Revenue, both of Washinton, D. C., for defendant.

BODINE, District Judge. This is a suit to recover additional income taxes aggregating $10,720.74, paid by plaintiff as follows: $2,999.58 for the year 1923; $4,942.76 for the year 1924; and $2,778.40 for the year 1925. The facts are stipulated, and but a single question of law is at issue.

The plaintiff is a daughter of John H. Ballantine, Esq., and under his will was entitled for her lifetime to the income from a trust consisting of one-third of his residuary estate. On April 7, 1922, plaintiff assigned out of her income from such trust fund to her husband, Henry Young, an annual income of $9,000, and to each of her children an annual income of $2,500. The granting clause of the instrument of assignment reads as follows: "I give, grant, assign, set over, convey and confirm unto my said husband and to my said several children respectively in the manner hereinafter set forth the respective incomes hereafter provided for them with full right and power to demand, receive and sue for the same." The assignment is irrevocable.

The trustees made the payments directly in accordance with Mrs. Young's assignment; and she did not include the sums paid in accordance with her assignments in her income tax returns, for the years 1923, 1924, and 1925.

It is the contention of the United States that Mrs. Young should have included these assigned payments as income received by her, and it was upon this theory that the additional income taxes were levied and paid under protest. The husband and children returned, for taxation purposes, the income receive by them.

The government's contention is that the assignment, so far as the husband is concerned, was void, and, so far as the other beneficiaries are concerned, incomplete, being an assignment of income to be received. Both positions seemed to be predicated upon a lack of familiarity with the New Jersey law. Although a wife may not contract with her husband, there is no prohibition upon her making a gift to him even of her separate estate. Black v. Black, 30 N. J. Eq. 215.

Mrs. Young, by reason of the trust created by her father, had a vested property right which could be taken upon execution and which she could assign and convey. Though she might not be able to bargain with and sell to her husband, she certainly could grant and convey. And there can certainly be no doubt of that where the common law prevails.

After the assignments, the moneys received by Mr. Young and the children were never the net income of Mrs. Young, and could never be such, and hence were not taxable.

Precisely the same question was before Judge Thomas in O'Malley-Keyes v. Eaton (D. C.) 24 F.(2d) 436. The court said there: "After all, the stark fact is that the plaintiff did not receive this income, and cannot receive this income. To say that she did receive it is to indulge in a deliberate fiction. Suppose that she had never assigned her interest, and suppose, further, that she deliberately declined to accept any income from her greatgrandfather's estate; could we say that the income was received by her and tax her accordingly, in spite of the fact that we concede that she did not receive it at all? Are we to inject into the law some doctrine of constructive income? If Congress legislated to this effect, the question of its constitutional power might well be raised."

The case of Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, is relied upon by the government, but it would seem to have no application whatever to the case at bar. In that case the problem was whether an annuity under a will was taxable as income, or was a bequest. That court held it income. So also did the Circuit Court of Appeals for the Third Circuit in Heiner v. Beatty, 17 F. (2d) 743.

Here the problem is whether the incomes which Mrs. Young gave to her husband and children were theirs or hers. Had she purchased watches, automobiles, or jewels, and given them to her husband and children, there would be no question but what they were theirs. Similarly, if she had purchased lands; also, if she had inherited lands, she could have assigned them. Having a vested estate in a trust fund, she can similarly dispose of all or any part thereof by proper instrument, and that she did, and the assigned income is income to the assignees, and not to the assignor.

The plaintiff may recover accordingly.