HELVERING, Commissioner of Internal Revenue, v. COXEY.

No. 5550.

Circuit Court of Appeals, Third Circuit.

Sept. 25, 1935.

THOMPSON, Circuit Judge, dissenting.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for petitioner.

Clarence E. Hall, and Orr, Hall & Williams, all of Phildelphia, Pa., for respondent.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The facts in this income tax case are as follows: Under the will of his father, probated in 1925, the taxpayer was made sole beneficiary of the residue of his estate in a trust which provided "to pay the entire income from my said residuary estate to my son, the said William Judson Coxey, in quarterly payments, during the term of his natural life." On the death of the son, the corpus was to be distributed among his children. There was no restriction of his right to assign the annual income. The taxpayer was married in 1912 and lived with his wife until 1922, when they separated. They had two children, now living. Five years later the taxpayer, by an irrevocable writing, assigned to his wife out of the income of the trust "before any other payments are made out of said income," the sum of $8,400 "per annum during the life of my said wife and children and the survivor or survivors of them, out of the net income of the residuary estate of J. Clarence Coxey." The papers recited: "The said Blodwen T. Coxey to agree that she will ask no other or further support or maintenance for herself or said children from me and that she will assign $3,000 per annum out of said $8,400 per annum to each of said children as they respectively arrive at the age of 23 years and in case both children should pre-decease her that she will immediately after the death of the second child legally execute a will bequeathing said $8,400 per annum to me."

662

She also released all her dower rights in the taxpayer's property. During the two years following, one of which was the tax year in question, the trustee paid to Mrs. Coxey direct the $8,400 of preferential annual income.

On this state of facts the tax board held: An assignment of property productive of income relieves the assignor of tax on any income subsequently arising from that property, since neither the property nor the income belongs to him after the assignment. This petitioner had property left to him by his father. This property was an equitable estate for life, a right to receive the income from a trust during his life. We assume that there was no restraint on alienation of this property. It could have been assigned by him. Perrine v. Newell, 49 N. J. Eq. 57, 23 A. 492; McCrea v. Yule, 68 N. J. Law, 465, 53 A. 210. He made an irrevocable assignment and retained no control over what he assigned. The courts and this board have held that the owner of such property, who absolutely and irrevocably divests himself of all or a part of the property, is no longer burdened with tax on the income from the part assigned. O'Malley-Keyes v. Eaton (D. C.) 24 F.(2d) 436; Young v. Gnichtel (D. C.) 28 F.(2d) 789; Commissioner v. Field (C. C. A.) 42 F.(2d) 820; Edith H. Blaney v. Commissioner, 13 B. T. A. 1315; Grace Scripps Clark v. Commissioner, 16 B. T. A. 453. Cf. Shellabarger v. Commissioner (C. C. A.) 38 F.(2d) 566.

In so holding, the board committed no error. The assignment was absolute, irrevocable, and so far as the part assigned was concerned, extinguished all future income which otherwise would have accrued to the taxpayer.

The Commissioner contends that the case is affected by what subsequently occurred. The year following the assignment the taxpayer filed a libel in divorce, which was subsequently granted. The decree, which was absolute, made no provision for alimony. Manifestly, such subsequent happenings had no bearing on the precedent assignment. As we view the case, we are here concerned with an absolute, irrevocable assignment, one which extinguished the right to future income, and not with an attempt to obtain exemption for alimony paid from present income. In arriving at this conclusion, we have not overlooked the cases of Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211, and Turner v. Commissioner (C. C. A.) 71 F.(2d) 1018, and other like cases. In Commissioner v. Stokes, 79 F. (2d) 256, this court held that Francis J. Stokes, creator of the trust, could not be taxed for alleged income because the trust irrevocably divested him of all interest in the trusteed property, or, as there stated, "there is nothing in the trust agreement here giving the settlor the right either to any of the income of the trust or to have it accumulated for his benefit." It is on that principle of an irrevocable, divested alienation we decided the Stokes Case and on which we decide the present one. The cases cited, in our judgment, involved no such situation as we have before us. The judgment of the tax board, which was for the taxpayer, is affirmed.

THOMPSON, Circuit Judge (dissenting).

In view of the decisions by the Supreme Court in Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211, and Audubon v. Shufeldt, 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009, I am of the opinion that the Board of Tax Appeals was in error and that its order should be reversed.