139 N.J. Super. 161 (1976)
353 A.2d 116
NEW JERSEY BANK, A NATIONAL BANKING ASSOCIATION, PLAINTIFF-RESPONDENT,
v.
JEFFREY TOFFLER AND BETSY ANN TOFFLER, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 23, 1975.
Decided February 4, 1976.
*162 Before Judges MATTHEWS, LORA and MORGAN.
Messrs. Cole & Cole, attorneys for appellants (Mr. Robert S. Sirota, on the brief).
Mr. Allan A. Maki, attorney for respondent.
PER CURIAM.
Plaintiff instituted this action against defendants seeking a money judgment because of defendants' failure to repay the balance of a certain loan collateralized by securities. Defendants filed an answer and counterclaimed, alleging that plaintiff as pledgee neglected to protect and preserve the value of the securities which were pledged as collateral for the loan. Plaintiff moved for summary judgment which was granted. This appeal followed.
On March 9, 1972 defendants executed a demand collateral note in the amount of $125,000 with interest at 6%. The collateral consisted of five different stocks which had a market value of $215,400 as of March 10, 1972.
On October 24, 1972 and on May 18, 1973 defendants made payments on the principal of $20,000 and $57,000, respectively.
*163 On March 18, 1974 defendants were notified that the value of their collateral had fallen below the allowable margin, i.e., 58% of the collateral's loan value. Plaintiff, pursuant to the terms of the demand note, demanded additional collateral or repayment of the loan.
During the months of March, April and May 1974 plaintiff made numerous attempts to communicate with defendants without success. On May 31, 1974 a certified letter was sent to defendants notifying them that the principal and interest was due and payable immediately. This letter was returned "refused  June 1, 1974." Thereafter, a Western Union Mailgram to the same effect was dispatched to defendants.
On June 19, 1974 plaintiff sold defendants' collateral for $22,035.94, which left $25,464.06 in principal and $2,206.43 in interest due and owing.
Defendants claim that they were never contacted concerning the decline in value of the collateral and deny receipt of any certified letters or telegrams.
In pertinent part, the note provides in paragraph 4 that the defendants agree to do all things necessary to maintain the value of the collateral. Paragraph 14 provides that the plaintiff (holder) shall not become liable or responsible in any way to defendants for failure, neglect or delay in giving notice of "matters" concerning any collateral security.
Defendants argue that a pledgee who has custody and control of securities which are pledged as collateral for an indebtedness has a duty to use reasonable care to preserve the value of those securities, and, accordingly, that substantial fact questions exist with respect to whether plaintiff complied with this duty. Therefore, it was improper to dismiss the counterclaim and grant plaintiff's motion for summary judgment.
The transaction between plaintiff and defendants in this matter is governed by N.J.S.A. 12A:9-101 et seq. which applies to secured transactions, including "security interests *164 created by contract including pledge." N.J.S.A. 12A:9-102(2).
Defendants rely on N.J.S.A. 12A:9-207 ("Rights and Duties When Collateral Is in Secured Party's Possession") which provides that a secured party must use reasonable care in the custody and preservation of collateral in his possession. N.J.S.A. 12A:9-207(1). There is no question but that plaintiff is a secured party within the intent of the statute. N.J.S.A. 12A:9-105(1)(i). The dispute centers on the interpretation of "custody and preservation of collateral."
The New Jersey Study Comment states that "Section 9-207(1) makes no change in the law of New Jersey." In support of this statement the comment cites Bardsley v. First Nat. Bank, etc., Montclair, 111 N.J.L. 512 (E. & A. 1933) (a pledgee who nominally transfers the pledgor's property to itself and retains control of said property has not converted the property); Baron v. Peoples National Bank of Secaucus, 9 N.J. 249 (1952) (a pledgee who sells shares of stock, which are collateral for a loan, because the value of the stock has declined below margin, has the burden of proving the good faith of the transaction and the fact that a demand for additional security was made), and McCrea v. Yule, 68 N.J.L. 465 (Sup. Ct. 1902) (a pledgee is a trustee of the pledgor with respect to the income accruing on the collateral pledged). These cases do not specifically deal with defendants' contention here that plaintiff-pledgee had a duty to preserve the value of their collateral.
In Franklin Trust Co. v. Goerke, 116 N.J.L. 529 (Sup. Ct. 1936), the pledgor of stocks as collateral for a demand note requested the pledgee bank to sell the stocks, because their market value was declining. The pledgee bank failed to do so, the stock value thereafter fell severely in value, and the pledgor brought suit on the theory that the bank was negligent in not having sold the collateral when requested so to do. The court held that the pledgee was under no legal obligation to make a sale of the stock and was not liable for a depreciation in value of the property after the failure *165 to sell, absent a showing that it operated in bad faith, i.e., something other than the exercise of an honest business judgment, or was negligent in the manner of the sale or in the care of property offered for sale. 116 N.J.L. at 531.
In Simpson v. Hudson Cty. Nat'l Bank, 141 N.J. Eq. 353 (E. & A. 1948), Simpson pledged shares of stock to secure three promissory notes held by the bank. Due to a declining market Simpson requested the bank to sell the stock. The bank did not do so until a later date when the stock had further depreciated in value. The court concluded that in the absence of an obligation, expressed in the agreement between the parties, to sell upon request by the pledgor, the pledgee's duty was merely to exercise ordinary care. The court indicated that if the proofs established that the bank's refusal to sell the stock constituted negligence or a violation of its duty of ordinary care, such proof would present a valid defense in an action commenced by the bank.
Both Franklin Trust Co. v. Goerke and Simpson v. Hudson County National Bank, above, involved a request made on the pledgee to sell stocks which are depreciating in value. In the instant matter defendants made no request whatsoever. Their position is, however, that the pledgee-bank has an obligation, irrespective of any action by the pledgor, to preserve the value of the collateral.
The Uniform Commercial Code comment to § 9-207(1) states that the pledgee's duty to preserve collateral is that imposed at common law, citing Restatement, Security, §§ 17 and 18. Section 17 of the Restatement provides that the pledgee's duty of reasonable care of the pledged chattel is confined solely to the physical care of the chattel. Section 18 imposes on the pledgee the obligation to refrain from interfering with the pledgor's efforts to preserve the value of his instrument. The comment to § 18 states, "The pledgee is not liable for a decline in the value of pledged instruments, even if timely action could have prevented such decline." Thus, the Restatement places the burden of preserving the value of the security on the pledgor.
*166 We conclude that our law does not hold a pledgee responsible for a decline in market value of securities pledged to it as collateral for a loan absent a showing of bad faith or a negligent refusal to sell after demand. Neither exception has been claimed by defendants here.
Affirmed.