376 So.2d 35 (1979)
Daniel TEPPER, Appellant,
v.
The CHASE MANHATTAN BANK, N. A., a Corporation under the Laws of the United States of America, Appellee.
No. 79-519.
District Court of Appeal of Florida, Third District.
October 23, 1979.
*36 Shupack & Weisser, North Miami Beach, for appellant.
Barrett & Rogers, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON and SCHWARTZ, JJ.
PER CURIAM.
Daniel Tepper appeals an adverse final judgment on his counterclaim against Chase Manhattan Bank for failure to preserve the value of pledged securities.
In March 1972 Daniel Tepper, appellant herein, borrowed from Chase Manhattan Bank $20,000 and shortly thereafter another $10,000. Both loans were secured by approximately $60,000 worth of common stock pledged by Tepper. At the end of December the stock had declined to a value approximating the amount then owing on his obligations to Chase. The stock continued to decline, but was never liquidated by Chase. In 1976 Chase filed suit against Tepper to recover approximately $29,000 due and owing on the loans. Tepper answered and counterclaimed against Chase for failing to exercise reasonable care as required by Section 679.207, Florida Statutes (1977)[1] in that Chase permitted the stock to dissipate to zero value. A partial summary judgment was entered for Chase on its action, and a non-jury trial was held on Tepper's counterclaim at the conclusion of which judgment was also entered for Chase. Tepper appeals and contends that the evidence was undisputed that he had requested Chase to sell the securities when they began to decline in value and the failure of Chase to liquidate the stock constituted a failure to exercise reasonable care in the preservation of collateral as required by Section 679.9-207 above. We affirm the judgment for Chase on the counterclaim.
First, the general law is that a pledgee's duty with regards to the care of the pledged chattel is confined solely to the physical care of the chattel and a pledgee is not liable for a decline in the value of pledged instruments. In other words, the burden is upon the pledgor to preserve the value of the security. See Comment to Section 679.9-207 Fla. Stat. Ann., Restatement of Security §§ 17, 18 and New Jersey Bank v. Toffler, 139 N.J. Super. 161, 353 A.2d 116 (1976).
Second, contrary to Tepper's contention that it was undisputed that he requested Chase to sell the stock upon the decline in value to an amount approximating the outstanding balance of the loan, Chase's loan officer testified that Tepper neither orally or in writing requested sale of the stock, but rather expressed the intent that the loan would be paid from various other sources.
Finally, the March 1972 promissory note reflects that Chase within its discretion had the right but not the obligation to sell the stock.
For the reasons stated, the judgment on the counterclaim is affirmed.[2]
Affirmed.
NOTES
[1] "679.9-207 Rights and duties when collateral is in secured party's possession.

"(1) A secured party must use reasonable care in the custody and preservation of collateral in his possession. In the case of an instrument or chattel paper reasonable care includes taking necessary steps to preserve rights against prior parties unless otherwise agreed."
[2] The issue with respect to the conflict of law was considered and found to be without merit.