1120); and, in the absence of any suggestion of misconduct on the part of the petitioner, the good faith of the transaction cannot be open to question. We are unable to find that the doctrine of Riggs v. Pursell, 66 N. Y. 193. has ever been questioned, and this case lays down the rule that a purchaser at such a sale will not be relieved on account of defects in the property or the title thereto, of which he had notice and in reference to which he made his bid, and the court will not permit him to abandon his contract without seeing that the object of the purchase is defeated and that he would be injured by the enforcement of the contract. What, then, was the object of Mr. Livingston's purchase? Will he be injured by being compelled to complete his purchase? These are the questions which should have addressed themselves to the mind of the court in disposing of the matters before it; and, tried by this test, we are unable to concur in the conclusion of the court below. Mr. Livingston had in view the purchase of the property involved in this litigation for the purpose of a suburban or rural home. He intended to erect a residence overlooking the Hudson river, surrounded by broad acres, not, as we may presume, for raising corn and potatoes for the markets, but as a suitable environment for the summer home of a prosperous gentleman. He visited the premises personally; he went all over them, even down to one of the gores on the margin of the river, making inquiries about the extent of the same, and whether it included property between the railroad tracks and the river; and he is chargeable with knowledge of what was apparent and obvious upon the premises. Kingsland v. Fuller, 157 N. Y. 507, 510, 52 N. E. 562, and authority cited. It is equally true that with respect to the existence of the house of the fisherman upon the most southerly of the two gores, which was in plain sight of the purchaser and which he now complains of, he had such knowledge of the fact as was calculated to put him on inquiry as to the existence of any right or title in conflict with that which he was about to purchase; and the law will presume that he made the inquiry and ascertained the extent of such prior right, or that he is guilty of a degree of negligence fatal to his plea of ignorance. Kingsland v. Fuller, supra, citing Williamson v. Brown, 15 N. Y. 362. Mr. Livingston was aware of the fact that he was dealing with the committee of a lunatic; that the proceedings were necessarily slow, owing to the fact that the court must approve of the transaction in its various stages. Under the circumstances, knowing that the prudent management of the estate required that it should be in the immediate possession of some one, Mr. Livingston could hardly claim that the object of his purchase was defeated, or that he would be injured by the completion of his contract, by the fact that there was a tenant in possession of the premises under a lease. which expired by its terms upon the consummation of the sale. It is quite probable that Mr. Livingston actually knew that the tenant was in possession, and there is some ground for supposing that he waived the objection; but whether he did or not is not very material in our view of the matter, as it was within the power of the court to have directed the completion of the contract upon the removal of the tenant, and to have ordered the petitioner to take the steps necessary to effect this end, even to the payment of the sum alleged to be demanded by the tenant for his growing crops. To have paid $700 and tendered the purchaser the immediate possession of the premises, considering the sum involved, would have been a much better disposition of the funds of the estate than to permit the purchaser to discredit the title, receive back his advance payment, with 6 per cent. interest, and to pay the costs and expenses, aggregating a sum equal to that which it is alleged would have been necessary to gain possession from the tenant; it being assumed, as it must be, that the $35,000 agreed to be paid was a fair consideration for the premises. The fact that the petitioner was not in a position to deliver possession at the exact time of tendering the deed, under the circumstances of this case, is not sufficient to relieve the purchaser; and if the court was prepared, through the petitioner, to give a merchantable title within a reasonable time, there is no reason to suppose the purchaser would suffer any inconvenience or damage from the delay. See Jenkins v. Fahey, 73 N. Y. 355, 359; Horton v. Bauer, 129 N. Y. 148. 155, 29 N. E. 1. There is no merit in the objection that the premises contained less land than mentioned in the contract of sale. The agreement was to sell the land "lying between the post road on the east and the Hudson river on the west, known as the 'Ore Lot Farm,' as the same is now owned by said John Armstrong Chanler, * * * containing three hundred and seventy acres of land, be the same more or less." The survey showed that the farm owned by Chanler. within the boundaries mentioned, contained 360 acres in round numbers; and, the sale being of the farm, not of a given number of acres, the mention of the number of acres, more or less, in the farm, was not a material matter, and the variation does not affect the question. Canal Co. v. Emmett, 9 Paige, 168. It is true that the doctrine of this case is somewhat modified by Belknap v. Sealey, 14 N. Y. 143, but not to the extent of holding that a farm purchased as a whole, for a stated sum. and which merely mentions a number of acres by way of estimate, is required to contain the number of acres mentioned. See Callmeyer v. Mayor, etc., 83 N. Y. 116, 120; Paine v. Upton, 87 N. Y. 327. From an examination of the whole matter we are satisfied that the duty the court owed to the estate of Chanler was to compel the purchaser to carry out his contract. that the objections urged are not such as should be permitted to defeat the sale, that none of them has any substantial basis, except the first one, and that this may be obviated. The order appealed from should, we think, be reversed, and the petitioner should be directed to take the steps necessary to convey the premises and make delivery of the same to the purchaser upon his complying with the terms of the sale, which should be directed.

In re CHAPMAN. (Supreme Court, Appellate Division, Third Department. March 6, 1901.) In the matter of the judicial settlement of the account of Frank Chapman, as executor

of Richard A. Chapman, deceased. No opinion. Decree of the surrogate unanimously affirmed, with costs, upon opinion below. See 66 N. Y. Supp. 235.

CHIPPERFIELD v. JOHNSON et al. (Supreme Court, Appellate Division, First Department. March 15, 1901.) Action by Julia Chipperfield against Russell Johnson and another. No opinion. Motion denied, with $10 costs.

CHURCHILL, Respondent, v. CITY OF BUFFALO, Appellant (three cases). (Supreme Court, Appellate Division, Fourth Department. April 2, 1901.) Action by Emma Churchill, as administratrix, etc., against the city of Buffalo. No opinion. Order affirmed in each action, with $10 costs and disbursements in one.

CITY OF NEW YORK, Respondent, v. STRAUSS et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by the city of New York against Joseph Strauss and others. No opinion. Order affirmed, with $10 costs and disbursements.

CLARK, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Alfred G. Clark, by his guardian ad litem, James O. Clark, against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

CLARK, Respondent, v. PRUDENTIAL INS. CO. OF AMERICA, Appellant. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Alice Clark, as administratrix, etc., of Owen Clark, deceased, against the Prudential Insurance Company of America. No opinion. Judgment of the county court of Westchester county affirmed, with costs. All concur, except SEWELL, J., taking no part.

COHEN v. METROPOLITAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. April 4, 1901.) Action by Clarence Cohen, an infant, against the Metropolitan Street-Railway Company. No opinion. Motion denied, upon payment of $10 costs of motion, in order that application may be made in court below to open default.

COLEMAN, Respondent, v. VILLAGE OF FULTON, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 19, 1901.) Action by Catharine Coleman against the village of Fulton. No opinion. Judgment affirmed, with costs.

COLLINS et al., Respondents, v. DUNSTON, Appellant, et al. (two cases). (Supreme Court, Appellate Division, Fourth Department. March 19, 1901.) Actions by Anthony Collins and others, as executors, etc., against Emory W. Dunston, impleaded, etc.

PER CURIAM. Order reversed, without costs of this appeal, and a resale ordered in each case, upon condition that the appellant within 20 days gives a bond in the penalty of $250, to be approved upon notice by the county judge of Erie county, conditioned that the amount realized upon such resale shall be sufficient to pay the expenses thereof and at least $600 in addition thereto; and in the event that such bond is not given, the order in each case is affirmed, with costs. Order to be settled upon 2 days' notice by Mr. Justice SPRING. All concur; LAUGHLIN, J., in result, who favors absolute reversal of orders and a resale, upon the ground that the appellant's attorney was entitled to service of notice of sale.

COLWELL, Respondent, v. CHAPTER GENERAL OF AMERICA, KNIGHTS OF ST. JOHN AND MALTA, Appellant. (Supreme Court, Appellate Division, Second Department. March 22, 1901.) Action by May C. Louise Colwell against the Chapter General of America, Knights of St. John and Malta. No opinion. Judgment and order affirmed, with costs.

CONGREGATION SONS OF ISRAEL PEOPLE OF KEIDAN, Respondent, v. CONGREGATION ANSHE RAGOLO, Appellant. (Supreme Court, Appellate Division, First Department. April 4, 1901.) Action by the Congregation Sons of Israel People of Keidan against the Congregation Anshe Ragolo. C. L. Cohn, for appellant. D. W. Rochmore, for respondent. No opinion. Order affirmed, with $10 costs and disbursements.

CONNELLY, Appellant, v. A. M. CROFTS CO., Respondent. (Supreme Court, Appellate Division, First Department. March 8, 1901.) Action by J. H. Connelly against the A. M. Crofts Company. H. R. Squier, for appellant. E. A. Isaacs, for respondent. No opinion. Judgment affirmed, with costs.

COOPER, Respondent, v. JACKSON et al., Appellants. (Supreme Court, Appellate Division, Second Department. March 8, 1901.) Action by Max Cooper against Henry H. Jackson and others. No opinion. Judgment of the municipal court affirmed, with costs.

CORTLAND COUNTY, Respondent, v. WADE, Appellant. (Supreme Court, Appellate Division, Third Department. March 6, 1901.) Action by the county of Cortland against C. F. Wade. No opinion. Judgment affirmed, with costs.

COTTLE, Respondent, v. ERIE COUNTY et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. March 19, 1901.) Action by Octavius O. Cottle against the county of Erie and another. No opinion. Motion for reargument denied, with $10 costs.

COTTLE, Respondent, v. GUARANTY BLDG. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. March