In the Matter of the Accounting of CAROL S. OTTMANN et al., as Executors of WILLIAM OTTMANN, JR., Deceased.

Surrogate's Court, New York County, December 30, 1949.

*Ehrich, Royall, Wheeler & Holland* for executors, petitioners.

*Edgar H. A. Chapman,* special guardian for Michael E. Ottmann, an infant, respondent.

*Ilo Orleans,* special guardian for Thomas B. Clarke and others, infants, respondents.

Collins, S. In this accounting proceeding there is presented the question whether under a proper construction of decedent's will and the applicable rules of law the testamentary trustees are required to make reservations from the trust income to offset depreciation of the improvements on real properties held in the trust. The prevailing view in this State is that a trustee is not permitted to charge depreciation of a building, a vessel or like income-producing property against the trust income in the absence of either an express direction in the trust instrument or other manifestation of the trustor's intention that a reserve be maintained. (*Matter of Chapman,* 32 Misc. 187, affd 59 App. Div. 624, affd. 167 N. Y. 619; *Smith* v. *Keteltas,* 62 App. Div. 174; *Matter of Edgar,* 157 Misc. 10; *Matter of Danziger,* 58 N. Y. S. 2d 790, mod. 271 App. Div. 888; *Matter of Crimmins,* 159 Misc. 499; *Matter of Adler,* 164 Misc. 544; *Matter of Horowitz,* 192 Misc. 556; *Matter of Untermyer,* N. Y. L. J., Oct. 21, 1944, p. 983, col. 4; *Matter of Wadsworth,* 81 N. Y. S. 2d 298; *Matter of Hubbell,* N. Y. L. J., Feb. 11, 1948, p. 554, col. 7; contra *Matter of Kaplan,* 195 Misc. 132; *Matter of Dahlmann,* 95 N. Y. S. 2d 74.) The court adheres to the traditional rule.

In the instant case the will lacks an explicit statement of decedent's intention with respect to the creation of a depreciation reserve but the available evidence of decedent's purpose points clearly to the fact that he did not contemplate an encroachment upon income for the purpose of maintaining such a reserve. The particular objects of decedent's bounty were his widow and only son. They are the successive income beneficiaries of the residuary trust which is comprised of the bulk of the estate. The trustees are directed by the will to collect the trust income and "after paying the expense of management chargeable against the income" to pay the net income to the beneficiaries. It is to be noted that the only diminution of income referred to in the quoted text of the will is "the expense of management", a charge which would not encompass a depreciation reservation. (*Matter of Fifth Madison Corp.* [*New York Tel. Co.*], 297 N. Y. 155, 161.) The will grants the son power to appoint the trust principal within a broad group of persons including a spouse or former spouse of the donee of the power, descendants of the testator, of his wife, of the donee, of the latter's wife and spouses and former spouses of such descendants. At this point in the consideration of the testamentary plan it is glaringly apparent that decedent's first concern was to provide for his widow and child and that decedent was not solicitous as to the

ultimate disposition of the corpus following the death of the two income beneficiaries. The purpose of decedent to prefer the income interests is further emphasized by the provision in the will authorizing an unlimited invasion of principal for the benefit of the income beneficiaries; the direction that there shall be no amortization with respect to bonds purchased at premium prices; the grant of discretion to the trustees in the allocation of stock dividends between principal and income and a like discretion with regard to the proceeds of nonincome-producing assets and the inclusion of a special power of sale and broad authority as to mortgages and loans upon realty. The will is rife with the intent to confer every benefit upon the income beneficiaries. The informal method of accounting provided for in the will certainly does not indicate that decedent intended to impose upon the trustees the intricate problems attendant to the calculation of depreciation and replacement costs and the final adjustment of principal and income interests.

The real property within the residuary trust has passed through generations of decedent's family and decedent acquired the realty as remainderman under the will of his mother. In decedent's position as income beneficiary and remainderman under his mother's will and as eventual owner of the property he was aware of the effect of depreciation and was apprised of the accounting practices in respect of individually owned realty. With this background of experience decedent found no occasion to direct his trustees to depart from the established rule of law respecting a depreciation reserve. The obvious explanation of decedent's conduct is that he did not desire such a reserve to be established.

The fee and disbursements of the attorneys for the accounting parties are allowed in the amounts requested.

Submit decree on notice construing the will and settling the account.