In the Matter of the Accounting of FRANCES B. MORSE et al., as Executors of FAY H. BALL, Deceased.

Surrogate's Court, Erie County, April 5, 1950.

*Frederick C. Jensen* for executors, petitioners.

*Frank S. Di Figlia,* special guardian for infants.

BUSCAGLIA, S. This is a petition by the executors to judicially settle their accounts. The gross estate, according to the account filed, amounts to $544,639.64. Of this amount some $72,000 comprises realty.

In the account filed in this court on November 10, 1949, the petitioners, under Item 5 of Schedule I, request an order "directing whether or not they are required to set off a reserve out of the gross rents for depreciation of the buildings embraced in the corpus of the trust".

At a hearing held before me on January 26, 1950, all the matters embraced in the account, except the question of the reserve out of gross rents, were resolved and a decree was thereafter entered settling the account of the petitioners.

The will of the decedent is silent on the question of reserve for depreciation.

In *Matter of Ottman* (197 Misc. 645) Mr. Surrogate COLLINS stated (p. 646): " The prevailing view in this State is that a trustee is not permitted to charge depreciation of a building, a vessel or like income-producing property against the trust income in the absence of either an express direction in the trust instrument or other manifestation of the trustor's intention that a reserve be maintained. (*Matter of Chapman,* 32 Misc. 187, affd. 59 App. Div. 624, affd. 167 N. Y. 619; *Smith* v. *Keteltas,* 62 App. Div. 174; *Matter of Edgar,* 157 Misc. 10; *Matter of Danziger,* 58 N. Y. S. 2d 790, mod. 271 App. Div. 888; *Matter of Crimmins,* 159 Misc. 499; *Matter of Adler,* 164 Misc. 544; *Matter of Horowitz,* 192 Misc. 556; *Matter of Untermyer,* N. Y. L. J., Oct. 21, 1944, p. 983, col. 4; *Matter of Wadsworth,* 81

N. Y. S. 2d 298; *Matter of Hubbell,* N. Y. L. J., Feb. 11, 1948, p. 554, col. 7; contra, *Matter of Kaplan,* 195 Misc. 132; *Matter of Dahlmann,* 95 N. Y. S. 2d 74.) The court adheres to the traditional rule.''

In *Matter of Davies* (197 Misc. 827) Mr. Surrogate COLLINS was again confronted with the same question of a reserve out of income for depreciation, which question was raised by the special guardian appearing for infant remaindermen. The special guardian conceded that the will was silent as to maintenance of depreciation reserves, but contended that there is such a duty imposed on trustees and cited as authority *Matter of Kaplan* (195 Misc. 132) and *Matter of Dahlmann* (95 N. Y. S. 2d 74) both of which cases hold in effect that the reserve must be maintained regardless of an expressed direction or manifestation in the will. Mr. Surrogate COLLINS stated, in part (p. 832): '' The New York rule has heretofore been clearly understood as prohibiting a trustee from charging real property income with depreciation, at least in the absence of a contrary direction in the will. The decision in *Smith* v. *Keteltas* (62 App. Div. 174) is most frequently cited as setting forth the authoritative declaration of the rule. * * * This statement by the Appellate Division seems to this court to hold, clearly and explicitly, that a trustee is not required to maintain a reserve for *depreciation* of real property. It has generally been accepted as authority for that rule (2 Scott on Trusts, § 239.4, p. 1343; Report of Law Revision Commission, N. Y. Legis. Doc., 1950, No. 65-0; 3 Bogert on Trusts and Trustees, § 600, p. 127, note 4) and has been followed for nearly half a century (*Matter of Edgar,* 157 Misc. 10, 13; *Matter of Adler,* 164 Misc. 544; *Matter of Horowitz,* 192 Misc. 556; *Matter of Crimmins,* 159 Misc. 499, 502; *Matter of Danziger,* 58 N. Y. S. 2d. 790, 795, mod. on other grounds, 271 App. Div. 888; *Matter of Wadsworth,* 81 N. Y. S. 2d 298; see, also, *Matter of Chapman,* 32 Misc. 187, affd. 59 App. Div. 624, affd. 167 N. Y. 619). It is significant that in all that time, no decision, other than the one relied on by the special guardian, has ever held that a trustee must deduct from income annual sums to offset *depreciation of real property.* * * * The rule applied in this State is in force also in other jurisdictions. In *Evans* v. *Ockershausen* (100 F. 2d 695, 708) Mr. Justice VINSON said: ' It is the general law of trusts '' to forbid deductions from distributable income on account of depreciation, and to place upon the remaindermen the burden of any shrinkage in capital value of that nature.'' ' (See, also, *Freuler* v. *Helvering,* 291 U. S. 35;

*Laflin* v. *Commissioner of Internal Revenue,* 69 F. 2d 460; *Matter of Roth,* 139 N. J. Eq. 588, and *Chapin* v. *Collard,* 29 Wn. [2d] 788.) A rule that has been so long accepted is not to be discarded readily or nullified by tenuous distinctions. Upon the assumption that the court decisions mean what they explicitly say, wills have been made, trusts have been administered, beneficiaries and fiduciaries have been given legal counsel. If during all these years, trustees have nevertheless been bound to maintain reserves to offset depreciation of real property, no hint of that duty has been made in judicial decisions. If that duty exists and has not been performed, countless trustees would now face large surcharges.''

In view of the long-standing rule in this State and similar rules in other jurisdictions, the petitioners herein are not required to set up a reserve out of the gross rents for depreciation of the buildings embraced in the corpus of the trust.

Let an order enter accordingly.