John D. Bennett, J.
In this intermediate petitioner seeks incidental relief which will
accounting the be disposed of seriatim.
(1) There is no specific provision in article V or in any other portion of the will requiring that a reserve for depreciation be set up. In the absence 0f such a provision it has been uni- *218 formerly held in New York that the cestui que trust is entitled to the full income without deduction for depreciation (Matter of Davies, 197 Misc. 827, affd. without opinion 277 App. Div. 1021 ; Smith v. Keteltas, 62 App. Div. 174; Matter of Edgar, 157 Misc. 10; Matter of Adler, 164 Misc. 544; Matter of Horowitz, 192 Misc. 556, Matter of Crimmins, 159 Misc. 499; Matter of Chapman, 32 Misc. 187, affd. 59 App. Div. 624, affd. 167 N. Y. 619; see, also, 3 Scott on Trusts [2d ed.], § 239.4; 3 Bogert on Trusts and Trustees, § 600). The contention of the life beneficiaries as stated in the petition is therefore correct. Also since there is no contrary direction in the will, income to the life beneficiary is payable from the date of the decedent’s death (Personal Property Law, § 17-b).
(2) The sums that are now or may be payable out of principal or income to the residents of Hungary will be paid into court pursuant to section 269 of the Surrogate’s Court Act. No new facts are presented in the papers which should cause this court to reach a determination differing from that reached in Matter of Siegler (284 App. Div. 436) and Matter of Braier (305 N. Y. 148). Recent events in Hungary have not been reassuring so as to render it likely that the beneficiaries would have the benefit, use or control of the property in question. The letter of the Department of Justice dated May 29, 1956 annexed to the petitioner’s brief is ordered filed, as are the letters of the Department of Justice dated May 7, 1957, of the Treasury Department dated May 29,1957 and of the Department of State dated June 4, 1957, the last three of which were received in answer to inquiries from the court.
(3) The relief requested with respect to the sale of the undivided one-half interest in 57 Bay Boulevard, Atlantic Beach, New York, to May Kehrmann Herz for the sum of $10,000 is granted.
(4) The court will appoint and letters will issue to the Chase Manhattan Bank as trustee.
Submit decree on notice.