Dye, J.
The individual petitioners, except Cornelius F. Gustav, are all presently citizens of and reside in Hungary and are distributees of the estate of Emil F. Geiger, deceased. Their distributive shares aggregating $29,166.70 are being withheld by the Surrogate, pursuant to section 269 of the Surrogate’s Court Act, for reasons stated in Matter of Herz (7 Misc 2d 217). The petitioner Gustav was formerly a member of - the Bar of Hungary and is now a member of the New York Bar, domiciled in New York City.
This proceeding was brought by the petitioner Gustav individually and as attorney in fact for the aforesaid beneficiary petitioners for an order to compel the executors of the Geiger estate to pay him, as assignee, the sum of $7,291.65, being 25% of the foreign beneficiaries’ share of the estate given “ in consideration of legal services rendered by said attorney to them ” and to pay to said Gustav, as attorney in fact, the sum of $250 monthly for the account of each of the foreign beneficiaries to the extent of their respective shares in the estate. The attorney in fact proposes to transfer the beneficial use of such funds to the respective beneficiaries by the purchase of so-called “ Ikka ” packages, which are an approved method for sending food and clothing in the nature of relief to persons residing in Hungary. We all agree that the petition, insofar as it concerned the payments of a distributive share to the petitioner distributees, was properly denied. The sole remaining issue is whether the assignment of 25% of the fund for legal services was also properly denied.
The purpose of section 269 as amended is to authorize the deposit of moneys or property in the Surrogate’s Court in cases where transmission or payment to a beneficiary, legatee or other person resident in a foreign country might be circumvented by confiscation in Avhole or in part, and to authorize the impounding of the fund by the Surrogate to await the time when payment can be made to the beneficiary for his own benefit, use and control (cf. Bill or Revision Notes, 13B Gilbert-Bliss,Surrogate’s Ct. Act, § 269).
*112 The record before us does not demonstrate, nor have appellants shown, any circumstances to change the situation as it existed at the time of the Nassau County Surrogate’s determination in Matter of Hers (supra). On its face, the assignment is of the distributees’ share in said estate and, in light of •.the statute, relates to money which is not now within the distributees ’ beneficial use or control. This is not an application 11 ‘ for and to fix and determine the compensation of an attorney for services rendered to an estate * * * legatee, distributee or any person interested therein” (Surrogate’s Ct. Act, § 231-a), nor is any showing made or attempted to be made as to whether 25% of the aggregate shares of these beneficiaries is a reasonable fee for services rendered. The petition, as we read it, is to enforce recognition of an assignment made in Hungary pertaining to moneys which are not now in the possession or control of the assignors but, in fact, are under the control of the Surrogate. So long as the distributive shares are properly being withheld by the Surrogate because of the special circumstances in which the beneficiaries find themselves as domieiliaries in an iron-curtain country, they are in no position presently to assign any part of the funds withheld. They may not place an assignee in a better position than they themselves enjoy as principals. This is not to say, however, that an attorney may not in a proper proceeding and upon a proper showing request a fixation of reasonable fees for services rendered, chargeable against the fund (Surrogate’s Ct. Act, § 231-b).
The order appealed from should be affirmed, with costs to the respondents payable out of the estate.