Fboessel, J.
(dissenting). In this Surrogate’s Court proceeding, petitioners seek (1) payment of legal fees under an assignment from the nonresident beneficiaries in an estate, and (2) part payments to said nonresident beneficiaries in the form of food and clothing packages. These beneficiaries are entitled to the sum of nearly $30,000 from this estate.
As to the attorney’s fees, I agree with the dissenting Justices in the Appellate Division. Appellant Gfustav appears to have rendered substantial legal services to the estate, including services in connection with a lawsuit involving $250,000 to set aside *113 a trust established by the deceased and which was successfully terminated by settlement. He left Hungary as a respected member of the Hungarian Bar in Budapest over 20 years ago, and has never returned. He served in the United States Army, from which he obtained an honorable discharge, became an American citizen, is now an attorney at law duly licensed to practice by the State of New York and is a member of the Federal Bar. So far as appears, he has no contact with the present Hungarian Government. He has performed his services, and if found reasonable is entitled to payment.
As to the payments due nonresident beneficiaries, the Surrogate, under section 269 of the Surrogate’s Court Act, is authorized to withhold payments where it shall appear that a legatee or distributee ‘ ‘ would not have the benefit or use or control of the money or other property due him, or where other special circumstances make it appear desirable that such payment should be withheld ”. This is an application for permission to withdraw installments of moneys for the purpose of sending food and clothing packages to the beneficiaries from time to time.
The Surrogate held no hearing on the application, but simply determined, on the basis of his former decision in Matter of Herz (7 Misc 2d 217), that the court “ does not believe it likely that the beneficiaries would have the' use or control of the property constituting the subject matter of the application” and that ‘ ‘ courts do not favor purported assignments of funds payable to iron-enrtain country nationals and have labeled them attempts to circumvent section 269 of the Surrogate’s Court Act”. This is not such an application. Had the Surrogate held a hearing, it might well have been developed, as alleged in the petition, that the beneficiaries are “ all of advanced age, who are [now] living [in Hungary] under difficult conditions and are in great need of assistance ’ ’, and that monetary assistance 1 ‘ can be transferred to them by sending food and clothing packages to each of them * * * free of duty and of any taxation ’ ’. It might well have been further developed that these nationals have no way of leaving Hungary; that they are the very victims of the “ events in Hungary ” to which the Surrogate referred; that they will probably die there and never receive the benefit of their legacies if the moneys are withheld; *114 and that there are agencies which can assure delivery of food and clothing packages in reasonable amounts to named individuals.
It seems to me that the Surrogate abused his discretion in failing to grant a hearing so that these facts might have been developed and the matter decided, not on the basis of an application to pay legacies to iron-curtain country nationals, but on the application as made, namely, to allow reasonable sums of money for conversion into food and clothing packages upon a proper showing that they would reach the beneficiaries.
I vote for reversal and for a remission to the Surrogate of Nassau County for further proceedings not inconsistent with this opinion.
Chief Judge Conway and Judges Desmond, Van Voorhis and Burke concur with Judge Dye; Judge Froessel dissents in an opinion in which Judge Ftjld concurs.
Order affirmed.