*44 OPINION OF THE COURT
Evans V. Brewster, S.
The trustees of this substantial trust, funded principally with interests in real estate formerly owned by the decedent, seek advice and directions with respect to accounting for the net income generated by these properties. They propose to calculate fiduciary accounting income without making any allocation or allowance or reserve for depreciation out of income. This will result in positive accounting income for the year 1986.
Under the last will of decedent, which was admitted to probate on August 10, 1984, one half of the residuary estate was placed in trust with directions to the trustees to pay to his wife the net income and "such amounts of the trust corpus as she may from time to time request to provide for her maintenance, support, welfare and comfort.” Upon her death, decedent’s spouse was given the absolute power to appoint the unexpended remainder of the trust. In default of such appointment, the remainder was bequeathed to The Aaron Diamond Foundation, Inc., a not-for-profit corporation. The balance of the residuary was bequeathed to the aforementioned foundation.
During his lifetime, the decedent, in computing his income, deducted the depreciation of the real properties owned by him from the income received. Upon his death, each of the properties acquired a stepped-up valuation basis for tax purposes equal to market value. There was a dramatic increase in the amount of depreciation to be computed above the amount previously available to the testator. The increased depreciation effectively eliminates all income available for distribution to the surviving spouse. The increased depreciation and its impact upon income available to the surviving spouse might also result in the elimination of the marital deduction for Federal estate tax purposes as there is no income from the trust available for the beneficiary. Further, income tax benefits resulting from depreciation would not be available since income tax deduction for depreciation can only benefit the income beneficiary where the beneficiary receives a distribution of fiduciary accounting income (Internal Revenue Code § 642 [e]; § 167 [h]; 26 USC § 642 [e]; § 167 [h]). Certainly these results could not have been the intent of the testator in making generous provisions for his wife. When the decedent *45 utilized generally accepted accounting practices and deducted depreciation from net profits, a net benefit of increased available funds was achieved. The application of these same accounting practices by the trustees would achieve the opposite result when applied to computing income for decedent’s spouse.
Regardless of generally accepted accounting practices of deducting depreciation from net profits, the trustees herein should not be irreversibly bound to such a stringent practice when the result would deny the income beneficiary the benefits of the trust intended by the decedent. While the Estates, Powers and Trusts Law enacted in New York was adopted from the Revised Uniform Principal and Income Act, there were several changes made. One of the changes was in connection with the issue of depreciation reserves, which was deleted from the EPTL. When a will, deed or other instrument which creates a trust provides the manner of ascertaining income and principal and the appointment thereof or grants discretion to the trustee or another person to do so, such provision or direction, where otherwise not contrary to law, controls (EPTL 11-2.1 [e] [1]). There is no legal or statutory requirement, however, for the fiduciary to provide for depreciation. In fact, established case law has sanctioned otherwise. "It has been held in a number of cases decided by the lower courts in New York that not only is the trustee not under a duty to the remaindermen to set aside a reserve for depreciation or obsolescence of buildings included in the original trust estate, but that he cannot properly do so.” (3 Scott, Trusts § 239.4, at 2049 [3d ed 1967], citing cases.) Former Surrogate Bennett stated the proposition that where "the real estate interests [are] owned individually by the estate, the executors and trustees could not, in the absence of specific authority, retain income as a reserve against depreciation (Matter of Schnur, 39 Misc 2d 880; Matter of Herz, 7 Misc 2d 217).” (Matter of Siegel, 44 Miscc 2d 668, affd on other grounds 29 AD2d 502, affd 23 NY2d 776.) The Aaron Diamond Foundation, Inc. and the Attorney-General have no objection to the trustees not providing a reserve fund for depreciation of realty.
Accordingly, the proposed action of the trustees to not set aside funds out of income or create a reserve out of income as a charge for depreciation of the real property owned by them as trustees is approved.