■ In the Matter of the Estate of JACK CHADRJIAN, Deceased. LITA CHADRJIAN, Respondent; JOHN CHADRJIAN et al., Appellants. [790 NYS2d 213]—

In a contested accounting proceeding, the objectants appeal from an order of the Surrogate's Court, Nassau County (Riordan, S.), dated September 30, 2003, which granted the petitioner's motion, in effect, for advice and direction pursuant to SCPA 2107, directing the co-trustees under the will of Jack Chadrjian to distribute the trust income without any reduction for depreciation pursuant to 26 USC § 754.

Ordered that the order is affirmed, with costs.

The will at issue in this case specifically directed the trustees of the qualified terminable interest property trust created under the will "to pay to the income beneficiary or beneficiaries hereunder the total income received by them in respect of leases or any other wasting, diminishing or decreasing assets." Reading the will in its entirety and in view of all the facts and circumstances under which its provisions were framed (*see Matter of Bieley,* 91 NY2d 520, 525-526 [1998]; *Matter of Fabbri,* 2 NY2d 236, 240 [1957]), we agree with the Surrogate that the testator intended to afford the surviving spouse with the full income of the trust during her lifetime. Accordingly, the Surrogate properly directed the trustees to distribute the trust income without any reduction for depreciation deductions allowable by

virtue of the Internal Revenue Code (26 USC) § 754 election taken by the limited partnerships owning the real property (*see Matter of Diamond,* 137 Misc 2d 43 [1987]; *Matter of Ottmann,* 197 Misc 645 [1949]; *Matter of Bruen,* 83 NYS2d 197 [1948]).

The appellants' remaining contentions are without merit. Prudenti, P.J., Cozier, Ritter and Spolzino, JJ., concur.